Wayne Louis SINGLETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00036–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 8, 2001.

Decided April 9, 2002.

Opinion on Overruling of Rehearing
Nov. 8, 2002.

R. Jeanette Parham, Hempstead, for appellant.

Douglas H. Pettit, Assistant District Atty., Hempstead, for appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice GRANT.

Wayne Louis Singleton appeals his conviction for driving while intoxicated. A jury found him guilty, and the court assessed his punishment at 180 days in the Waller County Jail, probated for two years, a $500 fine, and fifty hours of community service.

Singleton contends in his first point of error the trial court erred in denying his Motion to Suppress Evidence, because there was no reasonable suspicion for the police to have made the stop. Singleton's second point of error is that the court erred in denying his Motion to Suppress

Evidence, because there was no probable cause to arrest him. Third, Singleton contends the evidence was insufficient to support a conviction for driving while intoxicated. Singleton's fourth and final issue for review is the trial court erred by commenting on the evidence.

On April 23, 2000, Officer Bill Zwerneman observed Singleton driving. He testified Singleton's car was the only one in motion when he witnessed Singleton making a right turn fast enough and sharp enough to squeal the tires and make the tires spin out. Singleton had not turned from a complete stop. Officer Zwerneman agreed tires could squeal because of loss of traction unrelated to exhibition of speed. He testified that any time a vehicle's tires squeal when turning, it is unsafe; but, he testified that was not what happened in this case. He testified that in this case, Singleton made the turn in an unsafe manner and caused his tires to spin out. He testified he did not stop Singleton for driving unsafely, but for squealing his tires. Officer Zwerneman testified the squealing of tires is a violation of TEX. TRANSP. CODE ANN. § 545.420 (Vernon 1999), because it is an exhibition of acceleration. After Officer Zwerneman pulled Singleton over and investigated further, he arrested Singleton for driving while intoxicated. The trial court denied Singleton's motions to suppress at a pretrial hearing after considering the evidence.

 In his first issue, Singleton contends the trial court erred in denying his Motion to Suppress Evidence based on a lack of reasonable suspicion for the police to have made the stop. We review the trial court's ruling on a motion to suppress by an abuse of discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim. App.1999). While viewing the evidence in

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

the light most favorable to the trial court's ruling, *State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App.1999), and affording almost total deference to the trial court's determination of facts which the record supports, *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997), we "review de novo the court's application of the law of search and seizure to those facts," *Ross*, 32 S.W.3d at 856. If the judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. *Id.* at 855–56.

Officer Zwerneman stopped Singleton without a warrant and, therefore, the State bore the burden at the suppression hearing of demonstrating the stop was reasonable within the totality of the circumstances. *See Hulit v. State*, 982 S.W.2d 431, 436 (Tex.Crim.App.1998); *Russell v. State*, 717 S.W.2d 7, 10 (Tex. Crim.App.1986). To justify a traffic stop, the officer must have observed specific objective, articulable facts which, in light of the officer's experience and personal knowledge, together with inferences from those facts, would warrant a reasonable person to believe a traffic violation had occurred. *See Davis v. State*, 947 S.W.2d 240, 242–43 (Tex.Crim.App.1997); *Valencia v. State*, 820 S.W.2d 397, 399 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). This standard is an objective one: there need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex.Crim. App.2001). TEX. TRANSP. CODE ANN. § 545.420 prohibits an exhibition of vehicle speed or acceleration.

Moving from a stopped position with the tires spinning suggests a vehicle is accelerating. In *Bice v. State*, 17 S.W.3d 354, 356 (Tex.App.—Houston [1st Dist.] 2000, no pet.), the court based its determination the

motorist exhibited acceleration on the deputy's testimony he observed a car "spinning its tires at a red light when it came off the light." In the case of *Evers v. State*, 576 S.W.2d 46, 49 (Tex.Crim.App. [Panel Op.] 1978), the officer was found to have sufficient cause to have stopped the defendant, based on the violation of TEX. TRANSP. CODE ANN. § 545.420, when he observed the defendant accelerate quickly from a parked position, throwing gravel on the police car. In the case of *Harris v. State*, 713 S.W.2d 773, 775 (Tex.App.— Houston [1st Dist.] 1986, no pet.), the officer observed the driver spin the tires of his automobile at a red light when the driver started away from the light.

All of the foregoing cases are well within the definition of an exhibition of acceleration because the evidence, viewed in its entirety, shows, among other things, that the drivers in question were, based on articulable facts, increasing their speed.

To the contrary, there are no such articulable facts in the present case, and the testimony of Officer Zwerneman belies that the driver was accelerating. The officer testified Singleton squealed his tires when he made a right turn. Squealing of tires alone suggests a sound and does not always indicate acceleration. The officer testified Singleton was not speeding, but that it is illegal to squeal tires. The officer further testified, "[Singleton] made [the right turn] too sharp causing his tires to spin or to squeal," and then stated, "I don't know if he made it too sharp, but he made it fast enough that it caused his tires to make a squeal as he turned." The officer testified a driver does not have to speed for the tires to squeal and there could be an occasion that tires squeal due to loss of traction while turning a corner.

At no point did Officer Zwerneman testify that it appeared Singleton was accelerating through the turn or that acceleration

was the cause of the tires squealing in this case. There were no other facts articulated by the officer to suggest that the reason for the squealing of the tires was acceleration.

As the facts articulated by the officer do not rise to the level to support a finding that there was reasonable suspicion that Singleton had violated the prohibition against exhibition of acceleration, we cannot sustain the court's ruling on that ground. However, we must sustain the judge's decision if it is correct on any theory of law applicable to the case. *See Ross*, 32 S.W.3d at 856.

 Applying an objective standard to determine whether reasonable suspicion existed based on articulable facts has consequences. One such consequence is to allow "an individual [to be] validly stopped or arrested for one offense only because law enforcement officials desire to investigate that individual for a different offense," *Garcia v. State*, 827 S.W.2d 937, 939–40 (Tex.Crim.App.1992), or to uphold "an objectively valid stop [that was made] for an allegedly improper reason," *Walter v. State*, 28 S.W.3d 538, 543 (Tex.Crim. App.2000). The objective standard is based on the reasoning that a reasonable officer in the same situation would have reasonable suspicion to execute the stop, and therefore nothing objectively unlawful would have been done. *See Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (the traffic violation itself constituted an objectively reasonable basis for the stop, so any ulterior motive on the part of the officers was irrelevant); *see also, Walter*, 28 S.W.3d at 543; *Garcia*, 827 S.W.2d at 943. Another consequence regarding probable cause for arrest is that "where a defendant was arrested for the 'wrong' offense, the arrest is nonetheless valid where the crime for which he was arrested and the crime for

which there was probable cause to believe he had committed are closely related and there is no proof of sham or fraud." *Reynolds v. State*, 902 S.W.2d 558, 560 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd), *citing Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Crim.App. [Panel Op.] 1982). The objective standard allowed the court in *Evers* to look beyond the terminology the officer used in effecting the second stop, "improper start from a parked position," to find that based on the articulable facts, there was reasonable suspicion to believe Evers had violated the prohibition against exhibition of acceleration. *Evers*, 576 S.W.2d at 49.

The test we must employ in determining whether the stop was valid is an objective test. Officer Zwerneman may have subjectively intended to base the stop on his conclusion that the squealing tires evidenced an exhibition of acceleration, but we need not limit our review to the violations the officer cited in executing the stop. We must determine whether the articulated facts about which the officer testified would, in light of the officer's experience and personal knowledge, together with inferences from those facts, warrant a reasonable person to believe any traffic violation had occurred. *See Garcia*, 43 S.W.3d 527; *Davis*, 947 S.W.2d at 242–43.

 It is a violation for an operator of a vehicle to turn the vehicle from a direct course on a roadway unless the movement can be made safely. Tex. Transp. Code Ann. § 545.103 (Vernon 1999). In the present case, although Officer Zwerneman testified he did not stop Singleton for driving unsafely, he also testified, "[Singleton] made the turn in an unsafe manner and caused his tires to spin out." He further testified, "any time you make a turn where your tires are squealing, it's unsafe." Based on the totality of the circumstances, the specific objective, articulable facts of

the officer, in light of the officer's experience and personal knowledge, together with inferences from those facts, were sufficient to support the trial court's finding of reasonable suspicion that a traffic violation had occurred. This point of error is overruled.

In his next issue, Singleton contends the trial court erred in denying his Motion to Suppress Evidence based on a lack of probable cause to arrest. Singleton argues the State failed to meet its burden of proof to support the finding of probable cause to arrest Singleton because the State failed to establish Officer Zwerneman as an expert, and Officer Zwerneman failed to testify regarding the proper administration of the horizontal gaze nystagmus (HGN) test.

■ Singleton did not object during the suppression hearing to Officer Zwerneman's testimony regarding the field sobriety tests during the suppression hearing, but on cross-examination attempted to elicit testimony that he was not certified by the State to perform the tests and argued to the trial court that because he was not certified to perform the tests, he could not testify as an expert that the tests were performed properly. Although the court in *Emerson* requires expert testimony regarding a defendant's performance on the HGN test, the Fort Worth Court of Appeals rejected the interpretation that the expert must be certified by the State of Texas for the testimony to be admissible. *Kerr v. State*, 921 S.W.2d 498, 502 (Tex. App.—Fort Worth 1996, no pet.), *interpreting Emerson v. State*, 880 S.W.2d 759 (Tex.Crim.App.1994). There was testimony regarding Officer Zwerneman's training and experience from which the trial court could have determined Officer Zwerneman was qualified as an expert by knowledge, skill, experience, training, or education, as required by TEX.R. EVID. 702, to testify

regarding the administration and results of the standardized field sobriety tests. Furthermore, the court found there was evidence besides Officer Zwerneman's testimony concerning his opinion of the results of the tests to support the finding that Officer Zwerneman had probable cause to arrest Singleton for driving while intoxicated.

■ We review the trial court's ruling on a motion to suppress for abuse of discretion and sustain the ruling if it is correct on any theory of law applicable to the case. *See Ross*, 32 S.W.3d at 856; *Oles*, 993 S.W.2d at 106. The test for determining whether probable cause existed for an arrest without a warrant is whether, at the time of the arrest, the officer had reasonably trustworthy knowledge of facts and circumstances sufficient for a prudent man to believe the arrested person had or was committing an offense. *Guzman*, 955 S.W.2d at 90.

■ The following testimony was elicited from Officer Zwerneman at the suppression hearing. Officer Zwerneman observed Singleton driving immediately before he stopped Singleton. Singleton behaved unusually by exiting his vehicle as Officer Zwerneman approached and without a request from Officer Zwerneman to do so. Singleton fumbled through his wallet when asked to produce his proof of insurance and lost his balance, almost falling, as he leaned over to pick up a piece of paper he had dropped on the ground. Officer Zwerneman noticed a very strong smell of alcohol on Singleton's breath. Officer Zwerneman administered three field sobriety tests, the HGN, the nine-step walk and turn, and the one-leg stand, and Singleton failed them all. Officer Zwerneman stopped the one-leg stand test for Singleton's safety after Singleton put his foot down three times.

Based on the objective facts Officer Zwerneman articulated, the court did not abuse its discretion in finding that he had reasonably trustworthy knowledge of facts and circumstances sufficient for a prudent man to believe Singleton had committed an offense. This point of error is overruled.

In his next point of error, Singleton contends the evidence adduced at trial was insufficient to support a finding of guilt. Singleton does not specify whether he contends the evidence was legally or factually insufficient, so we will apply both standards of review.

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), and *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991), and look to see whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). In our review of the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). In both sufficiency reviews, the trier of fact may draw reasonable inferences and is the exclusive judge of the witnesses' credibility and the weight to give their testimonies. *See Jones v. State*, 944 S.W.2d 642, 647–49 (Tex.Crim.App.1996); *Bruno v. State*, 922 S.W.2d 292, 293 (Tex.App.—Amarillo 1996, no pet.).

██ Officers Zwerneman and Ken Williams testified Singleton smelled strongly of alcohol, was slurring his speech, was not steady on his feet, and was stumbling. Officer Zwerneman also testified he had observed Singleton driving, had pulled him over, and shortly thereafter Singleton had not walked heel-to-toe as instructed and had put his foot down three times during the thirty seconds he was told to stand on one foot. Officer Zwerneman testified Singleton had admitted he had just come from a bar. Trooper Wilton White testified he administered a breathalyzer test to Singleton approximately two hours after the arrest and the results were 0.244 and 0.264.

Singleton argues the evidence was insufficient to support the conviction because Trooper White did not extrapolate the breath test results back to the time Singleton had been driving the vehicle, and there was no evidence Singleton had not consumed alcohol between the time of the stop and the time of the test. White testified that during the time he observed Singleton before administering the breathalyzer test, he did not witness Singleton ingest or regurgitate anything.

The definition of intoxication as provided in the jury charge was: (a) not having the normal use of one's physical faculties by reason of introduction of alcohol into the body; or (b) not having the normal use of one's mental faculties by reason of introduction of alcohol into the body; or (c) having an alcohol concentration of 0.08 or more. TEX. PEN.CODE ANN. § 49.01 (Vernon Supp.2002). For the conviction to stand, the evidence need only be sufficient regarding one of these three alternatives. Both Officers Zwerneman and Williams testified to having observed Singleton not having the normal use of his physical faculties. In the light most favorable to the verdict, the evidence is legally sufficient to

support a conviction for driving while intoxicated.

■ Next we review the entire record for factual sufficiency. In addition to the evidence discussed above, we consider the following evidence. Officer Zwerneman testified it was the first time he had administered the standardized field sobriety tests without a supervisor present. Officer Zwerneman admitted he had not instructed Singleton to wait to begin the one-leg stand test until he was told to begin. Officer Zwerneman testified Singleton was a heavy man. Officer Zwerneman also testified Singleton did not appear on the video of the arrest to be weaving while walking into the sheriff's office. The jurors were in the best position to assess the credibility of the witnesses, and they viewed the videotape of the arrest. The verdict is not contrary to the overwhelming weight of the evidence; therefore, the evidence was factually sufficient to support the conviction. This point of error is overruled.

■ In arguing that the evidence was insufficient, Singleton raises several other issues, which we shall now address separately. Singleton argues that Officer Zwerneman's testimony regarding the standardized field sobriety tests was inadmissible because the officer was not certified, was not an expert, and did not testify regarding the proper administration of the tests. Singleton did not object on these grounds at trial and therefore did not preserve the issue of admissibility for appeal. In fact, Singleton made no objections during Officer Zwerneman's direct testimony.

■ Next, Singleton argues the court erred in refusing to take judicial notice of the National Highway Transportation Safety Administration Guidelines and urges this court to take such judicial notice. Singleton asked the court to take

judicial notice of the guidelines to the trial court during the hearing on the motions to suppress in order to demonstrate that the officer was not certified to perform the standardized field sobriety tests and, therefore, his observations regarding such test results were inadequate grounds for probable cause. TEX.R. EVID. 201(d) provides that a court shall take judicial notice if requested by a party and supplied with the necessary information. Singleton did not provide the trial court with a copy of the guidelines. Therefore, the court did not err in refusing to take judicial notice. Singleton also failed to provide this court with a copy of the guidelines. We also decline to take judicial notice.

■ Finally, Singleton contends the court erred in allowing Officer Williams to testify regarding his opinion of whether Singleton was intoxicated after Officer Williams testified he was not trained to administer the standardized field sobriety tests. Singleton did object to this at trial and therefore preserved the issue for review.

Officer Williams testified he had completed 700 hours of training, but was not trained to determine whether a person is intoxicated. He testified he had been a police officer for four or five months at the time of Singleton's arrest. He also testified that as a layperson, he had seen many intoxicated people, that he had the opportunity to observe Singleton's appearance and demeanor as a backup officer at the traffic stop, and that he had concluded Singleton was intoxicated.

■ Singleton argues that an opinion of a witness is not admissible to interpret the meaning of the acts or conduct of another. *See Rodriguez v. State*, 903 S.W.2d 405, 410 (Tex.App.—Texarkana 1995, pet. ref'd). However, TEX.R. EVID. 701 provides for opinion testimony by a lay

witness regarding opinions or inferences which are rationally based on the perception of the witness and are helpful to a clear understanding of the witness's testimony or the determination of a fact issue. Any lay witness may give an opinion as to intoxication. *Howard v. State,* 744 S.W.2d 640, 641 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Therefore, even if Officer Williams's training and experience would not have qualified him as an expert, the court did not err in allowing Officer Williams to testify that in his opinion, Singleton was intoxicated.

 In his next point of error, Singleton contends his right to a fair trial was violated by the trial judge improperly commenting on the weight of the evidence. Although Singleton did not object to the comments at trial, "it is the province of this Court to 'take notice of fundamental errors affecting substantial rights although they were not presented to the court.'" *Jasper v. State,* 61 S.W.3d 413, 420 (Tex. Crim.App.2001); *see also* TEX.R. EVID. 103. The trial court may not comment on the weight of the evidence or convey an opinion of the case in the jury's presence at any stage of the trial. TEX.CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979); *Blue v. State,* 41 S.W.3d 129, 134 (Tex.Crim. App.2000) (plurality opinion). However, "a trial judge's irritation at the defense attorney does not translate to an indication as to the judge's views about the defendant's guilt or innocence," and "a trial judge has broad discretion in maintaining control and expediting the trial." *Jasper,* 61 S.W.3d at 421.

The first comment of which Singleton complains occurred during Singleton's cross-examination of Officer Zwerneman regarding his qualifications to offer expert testimony regarding the standardized field sobriety tests. The trial judge interrupted counsel and had the attorneys approach the bench. The trial judge told the defense attorney that the line of questioning was irrelevant, that the defense attorney was entitled to impeach the officer, but that she had not impeached him, and that if the State objected, the judge would sustain the objection. The court then suggested the defense attorney ask the officer about what happened "out there." The trial judge then said, "I'm trying to tell you just to move it along."

Later, while the defense attorney was cross-examining Officer Zwerneman regarding the administration of the standardized field sobriety tests and referring to the videotape of the arrest, the trial court again asked counsel to approach the bench. The trial court said that the attorneys were spending a lot of time going over the videotape of the arrest, that the jury had already seen it three times during the State's presentation, that the videotape itself was the best statement of what happened, and that the trial court was told and had told the jury the case could be tried "this afternoon." The trial court then asked both sides to try to expedite it.

After the officer had answered a few more questions and the videotape was being played without further questions from the defense counsel, the trial court, without calling counsel to the bench, asked if counsel had any more questions for the officer concerning the videotape, stated that the videotape was in evidence and the jury could take it back and play it for themselves, and explained that the court was just trying "to get you to move along a little bit with the cross-examination." The trial court said if the defense did not have any more questions, the court would not allow the videotape to be played again because the jury had already seen it. However, once the court was informed there was a portion of the videotape that

had not yet been presented, the court allowed the defense to play it.

None of these remarks was calculated to convey the court's opinion of the case to the jury, and none of them had an effect on the presumption of innocence in the presence of the jury. Therefore, the court's comments did not rise to the level of violating Singleton's right to a fair trial by an impartial jury. This point of error is overruled.

The judgment of the trial court is affirmed.

## ON REHEARING

In a Motion for Rehearing, Singleton contends that, based on our decision, the evidence legally cannot support the jury's finding on the instruction given pursuant to TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2002) that Singleton, beyond a reasonable doubt, actually violated the statute against exhibition of acceleration on the night in question. According to the jury instructions, he contends the jury should not have been able to consider any evidence resulting from the stop. Thus, he contends our decision contradicts the jury's finding. However, we review the sufficiency of the evidence to support a jury's finding against a hypothetically correct jury charge, not the jury charge as given when it is erroneous. See *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997). The jury should not have been confined to determine whether Singleton violated exhibition of acceleration when other traffic violations were supported by the evidence. Additionally, the question for the jury is whether the evidence supports a finding that the officer had reasonable suspicion to believe the violation occurred, not whether the violation actually occurred beyond a reasonable doubt. Furthermore, the purpose of the Article 38.23 instruction is to allow the jury to resolve any factual disputes that impact the admissibility of the evidence. TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp.2002). The only fact that may have been disputed was whether Singleton's tires squealed. The jury's finding indicates the jury resolved that dispute in favor of the officer's testimony that the tires did squeal. Given that, measuring the evidence against the hypothetically correct jury charge, we find the evidence was sufficient to support the jury's finding and verdict.

Singleton also contends that the appellate court, in reviewing the trial court's denial of a motion to suppress for lack of reasonable suspicion to stop, should consider the testimony of the officer during trial as well as at the suppression hearing. The Texas Court of Criminal Appeals has held that in reviewing the trial court's decision regarding a motion to suppress, we examine the record as it existed at the time of the suppression hearing. *O'Hara v. State*, 27 S.W.3d 548, 551 (Tex.Crim. App.2000). Therefore, if an appellant intends for us to review the evidence adduced at trial, the appellant should raise an issue allowing us to do so, such as challenging the sufficiency of the evidence to support the jury's findings.

Singleton contends our opinion regarding reasonable suspicion and probable cause for the initial stop is contrary to our holding in *Bass v. State*, 64 S.W.3d 646 (Tex.App.-Texarkana 2001, pet. ref'd). In *Bass*, the officer did not testify that he observed any unsafe behavior or that he saw any movement that was unsafe, and thus the stop could not reasonably be based on a violation of a statute that requires an operator of a vehicle to operate the vehicle in a manner that is unsafe. Singleton enumerates many articulable observations that would suggest unsafe driving and argues that because the officer's testimony did not include any of these

observations, the articulable facts to which he did testify were insufficient. Additionally, Singleton points to the officer's acknowledgment that tires squeal for reasons other than turning unsafely. He contends the officer should have investigated those other causes as a basis for determining that the turn was not made in an unsafe manner. These arguments would be relevant if the State had to prove Singleton in fact turned in an unsafe manner. However, the State's burden, as detailed in our opinion, does not require more than a reasonable suspicion. Although the officer's testimony did not articulate any visual movement indicating loss of control of the vehicle, the officer articulated facts he observed regarding the surrounding conditions of the turn, such as the dry pavement which was clear of debris and the squealing of tires. He also indicated that while Singleton was not speeding, it was the speed and angle at which he made the turn that caused the tires to squeal. While this causal relationship may not be an observable fact, it does indicate his observation of the vehicle's speed and angle in making the turn and the officer's deduction, based on his experience, that such speed and angle can cause a vehicle's tires to squeal. The speed, angle, and squealing of the tires may reasonably have given rise to the officer's reasonable suspicion that the turn was made in an unsafe manner, a manner which could cause harm to the driver, the flow of traffic, or others persons or their possessions. Such harm or the narrow escape of such harm is not required. An officer is not required to wait until such harm occurs or narrowly escaped harm exists in order to have a reasonable suspicion that such a violation has occurred.

The Motion for Rehearing is overruled.