NO. 07-02-0347-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 9, 2003



______________________________




GREGORY LAWAYNE PEACE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF ARMSTRONG COUNTY;



NO. 2502; HONORABLE HUGH REED, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 In this appeal, appellant Gregory Lawayne Peace seeks reversal of his conviction,
after a guilty plea, of the misdemeanor offense of driving while intoxicated. The plea was
entered after permission was given to appeal the denial of a motion to suppress. His
punishment was assessed by the trial court at 45 days confinement in the Armstrong
County Jail, probated for 45 days, and a $500 fine. In pursuing his appeal, appellant 
presents two issues for our determination. In those issues, he argues the trial court
abused its discretion in overruling his motion because 1) there was no probable cause for
his arrest, and 2) the results of the horizontal gaze nystagmus (HGN) test should not have
been admitted because the test was not conducted in a proper manner. Disagreeing that
reversal is required, we affirm the judgment of the trial court. 

 Appellant and the arresting officer, Brian Glen Freeman, were the witnesses at the
suppression hearing. In his testimony, appellant denied that he was ever given his
statutory warnings prior to being given a breath test. However, he did admit that he
agreed to take the test and that he failed it. Officer Freeman testified that he stopped
appellant because he was driving in excess of 90 miles per hour in a 70 mile zone. He
also said he observed appellant cross both lines onto the shoulder of the highway and go
over the middle line of the highway. The officer averred that as he approached appellant's
vehicle after stopping it, he noticed a smell of alcohol coming from the vehicle. Appellant's
speech was "fairly slurred" and his eyes were "pretty glassy." When queried, appellant
initially denied he had been drinking, but "a few seconds later," he admitted he had been
drinking.

 Freeman had appellant perform various physical field sobriety tests, including the
"walk and turn," "one-leg stand," and "finger count" tests. Although appellant did not
perform these tests perfectly, he did pass them. Even so, because of his other
observations, the officer concluded appellant was intoxicated, and he administered the
HGN test. (2) According to the officer, appellant failed the HGN test.

 Freeman averred that he was trained in administering the HGN test at a Texas
Commission on Law Enforcement Standards and Education (TCLOSE) sanctioned course
at Texas A & M University, which he successfully completed. In accordance with his
training, he testified, he first made sure that appellant could clearly see the pen used as
a stimulus. He then moved the pen from right to left for the purpose, he said, of checking
the tracking of the movement. Making approximately four passes with each eye, he
checked the maximum deviation nystagmus, as well as whether the onset angle of
nystagmus was 45 degrees or less. In performing the test, he said he looked for six signs
or "clues" from both eyes that indicate intoxication. All six "clues" were present during
appellant's performance in the test. Freeman conceded he did not ask if appellant had
received a head injury or had eye trouble.

 Generally, a ruling on a motion to suppress is reviewed on an abuse of discretion
standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). The amount of
deference a reviewing court affords to a trial court's ruling on a mixed question of law and
fact, such as the issue of probable cause, is often determined by which judicial actor is in
a better position to decide the issue. Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim.
App. 1997). The reviewing court should afford almost total deference to the trial court's
determination of historical facts, especially when the trial court's fact findings are based
upon an evaluation of witness credibility and demeanor. Id. at 89. In such cases, when
the trial court made no explicit findings of historical fact, we presume it made those
findings necessary to support its rulings, if supported by the record and the evidence
viewed in a light most favorable to the trial court's ruling. State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App.1999). However, in instances involving mixed questions of law
and facts that do not involve evaluations of credibility and demeanor, appellate review may
be de novo. Guzman, 955 S.W.2d at 89. Thus, an appellate court should conduct a de
novo review in instances in which the facts related to the ruling are undisputed. 

 In Carmouche v. State, 10 S.W.3d 323 (Tex. Crim. App. 2000), after reciting the
general rules of appellate review we have cited above, the court explicated that in an
instance in which a videotape "presents indisputable visual evidence" that contradicted
essential parts of the State's evidence, in "these narrow circumstances, we cannot blind
ourselves to the videotape evidence," even though the State's evidence could be read to
support the trial court's ruling. Id. at 332. Relying upon the Caramouche teaching,
appellant argues that because the events immediately surrounding his arrest were
captured on videotape, it is our duty to review that tape in a de novo review conducted
without any deference to the trial court's ruling. The videotape certainly must be
considered in our review; however, because there is other evidence, the tape must be
considered with all the evidence before the trial court.

 Appellant contends that the results of the HGN test may not be considered because
the State did not establish Officer Freeman was a certified practitioner. In the seminal
case of Emerson v. State, 880 S.W.2d 759 (Tex. Crim. App.), cert. denied, 513 U.S. 931,
115 S.Ct. 323, 130 L.Ed.2d 284 (1994), the Court determined that test was sufficiently
reliable to be admitted if a proper predicate was laid, and in order for testimony concerning
a defendant's performance on the test to be admissible:

 . . . it must be shown that the witness testifying is qualified as an expert on
the HGN test, specifically concerning its administration and technique. In
the case of a police officer or other law enforcement official, this requirement
will be satisfied by proof that the officer has received practitioner certification
by the State of Texas to administer the HGN.

Id. at 769.

 In Kerr v. State, 921 S.W.2d 498 (Tex. App.- Fort Worth 1996, no pet.), the court
in considering the Emerson explication opined:

 . . . [W]e do not interpret the quoted portion of Emerson to require that an
expert must be certified by the State of Texas before his testimony on the
subject of an HGN test will be admissible.

 

 In order for a witness's expert testimony to be admissible under Rule 702,
the witness must qualify as an expert by 'knowledge, skill, experience,
training, or education.' TEX. R. CRIM. EVID. 702. Whether a particular
witness qualifies as an expert is a decision to be made by the trial judge . . . 
[citations omitted]. A trial court's decision in this area will not be disturbed
absent a clear showing of abuse.


Id. at 502. See also Singleton v. State, 91 S.W.3d 342, 348 (Tex. App.-Texarkana 2002,
no pet.) (even though the arresting officer lacked HGN certification, the trial court did not
abuse its discretion in receiving his testimony because it was sufficient to justify a
conclusion that the officer was qualified under Texas Rule of Evidence 702). In Smith v.
State, 65 S.W.3d 332, 344 (Tex. App.-Waco 2001, no pet.), the court noted its agreement
with the Kerr court that Emerson did not require an expert be certified by the State of
Texas before his testimony on the subject of the HGN test would be admissible and it was
within the trial court's discretion to determine whether the witness was qualified to testify
as an expert. We agree with the holdings in these cases. The instruction of the Emerson
opinion is that if it be shown that the testifying officer has received practitioner certification,
it is sufficient to justify admission of the evidence. However, if it is not shown that the
officer has received that certification, the trial court must, within its discretion, determine
if other evidence is sufficient to establish the officer's expertise in administering the test.

 Officer Freemen testified at some length about his training at Texas A & M
University in the theory and implementation of the HGN tests. We cannot say that the trial
court erred in receiving his testimony. Moreover, the fact that the officer did not inquire
whether appellant had suffered a head injury prior to administering the test is not sufficient
to show an abuse of discretion in admitting the test. See Webster v. State, 26 S.W.3d 717,
720 (Tex. App.- Waco 2000, pet. ref'd) (the testing procedures themselves are designed
to screen for medical conditions or medications that may have been taken prior to the test). 
Moreover, appellant made no claim that he had suffered an injury or taken medication that
might have affected the test.

 Appellant does not contest that he was speeding at the time of his stop. The
videotape shows the visible circumstances surrounding his stop and his activities during
the field sobriety tests. However, the officer testified about the other circumstances
leading to this decision that appellant was intoxicated, including the odor of alcohol that
might reasonably be attributed to him, his admission that he had been drinking, his slurred
speech, and his "glassy" eyes. The trial judge could reasonably have concluded that such
testimony, in addition to the testimony about the result of the test, was sufficient to justify
the overruling of the motion to suppress. 

 In summary, both of appellant's issues are overruled, and the judgment of the trial
court is affirmed. 


 John T. Boyd

 Senior Justice


Do not publish. 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. In Emerson v. State, 880 S.W.2d 759, 766 n.3 (Tex. Crim. App.), cert. denied, 513
U.S. 931, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994), the Court related the scientific theory
underlying the HGN test and the technique prescribed by the National Highway Traffic
Safety Administration to correlate nystagmus with intoxication.



l Shading Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00306-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



NOVEMBER
24, 2010

 



 

JAMES S. JONES, M.D., APPELLANT

 

v.

 

HARDEMAN COUNTY HOSPITAL DISTRICT BY AND THROUGH ITS BOARD OF DIRECTORS;
SCOTT NAIL, AMANDA DARLING AND WYLIE TABOR, APPELLEES 



 



 

 FROM THE 46TH DISTRICT COURT OF HARDEMAN
COUNTY;

 

NO. 10,565; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Before us is the motion of appellees to dismiss the appeal of appellant James S.
Jones, M.D.  Our consideration of the
motion is guided by the following procedural history of this case.

            This
appeal is accelerated.  The deadline for
filing Joness brief was September 20, 2010. 
When the brief was not filed we notified Jones in writing that unless
his brief was filed on or before October 14, along with a motion to extend time
for filing the brief, his appeal was subject to dismissal without notice for
want of prosecution.[1]  Jones did not file a brief but filed a motion
for additional time to file his brief, requesting an extension until October
18.  We granted the motion and ordered
the brief due October 18, but Jones did not file his brief.  By letter of October 25, we ordered Jones to
file his brief and a motion for extension of time for filing the brief on or
before November 4.  Jones has made no
response to our order.

On November 1, appellees
filed a motion to dismiss the appeal asserting Jones has not timely prosecuted
his appeal and did not comply with an order of the Court.[2]  According to the certificate of conference
attached to the motion, counsel for appellees was
unable to confer with counsel for Jones about the motion by telephone but left
a message which received no response.  We
held the motion for more than ten days but Jones has filed no response.

            Because
Jones did not timely file his brief and did not comply with an order of the
Court, we grant appellees motion and dismiss the
appeal.  Tex. R. [Civ].
P. 38.8(a), 42.3(b),(c).

Per Curiam 

 

 











[1] See Tex. R.
App. P. 38.8(a)(1) and 42.3(b). 

 





[2] See Tex. R.
App. P. 42.3(b)(c).