NO. 07-05-0086-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 8, 2005
_____

GREGORY JAMES ROMERO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE  COUNTY COURT OF COCHRAN COUNTY;

NO. 5790; HON. JAMES ST. CLAIR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Gregory James Romero appeals from his conviction for driving while intoxicated. His four issues concern 1) the legal and factual insufficiency of the evidence supporting the verdict, and 2) his receipt of ineffective assistance of counsel at trial.  We affirm the judgment of the trial court.

*Background*

On March 10, 2000, at around 4:30 a.m., Deputy Inoe Valdez observed a vehicle weave several times across the fog line onto the shoulder of the road and back into the

lane of traffic on Highway 114 in Cochran County. Valdez stopped the vehicle and had appellant, who was the driver, roll down the window. At that time, the deputy smelled a strong odor of alcohol coming from inside the vehicle and asked appellant to step out. Valdez observed that appellant had slurred speech, bloodshot eyes, and a strong odor of alcohol on his breath and person. Appellant told the officer that he had not been drinking but that his friends had been drinking.

Valdez performed the horizontal gaze nystagmus (HGN) test on appellant and observed six clues. Appellant refused to undergo any other field sobriety tests and refused to give a blood sample. Nonetheless, Valdez concluded that appellant was intoxicated and arrested him.

Appellant's girlfriend (and mother of his children) testified that she and appellant had been at a party and left to go home. She stated that appellant had not been drinking at the party (even though she had allegedly been asleep part of that time) and that someone had spilled beer on him as they were leaving. She denied that appellant's vehicle had been weaving in and out of his lane of traffic and did not remember Valdez performing the horizontal gaze nystagmus test.

### Issues 1 and 2 - Sufficiency of the Evidence

Appellant initially contends that the evidence that he was intoxicated and experienced impaired mental and physical function due to imbibing alcohol is legally and factually insufficient. We overrule the issues.

The standards by which we review claims of legal and factual sufficiency are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v.*

2

*State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

The only two witnesses at trial were Valdez and Sara Rios, appellant's girlfriend. Furthermore, the deputy testified that appellant wove outside his lane of traffic and across the white fog line several times, had slurred speech, had bloodshot eyes, had the smell of alcohol on his breath and in his clothes, exhibited six HGN clues indicating intoxication, and refused to take a blood test to assess the level of alcohol, if any, in his system. So too did the record contain evidence illustrating that appellant was returning (at 4:30 in the morning) from a party whereat alcoholic beverages were present. Collectively, that is some evidence upon which a rational factfinder could conclude beyond reasonable doubt that appellant's mental and physical faculties were impaired due to the ingestion of alcohol, *i.e.* that he was intoxicated.

That appellant's girlfriend may have contradicted much of what the deputy said and denied that her boyfriend had been drinking simply raised an issue of credibility for the factfinders to resolve. It was within their power to believe either the officer or Ms. Rios. Similarly, the jury was entitled to credit the deputy's testimony regarding his administration of the HGN test and its results, especially since no one objected to its admission nor illustrated that the officer was unqualified to administer the test.[1]  *Singleton v. State,* 91 S.W.3d 342, 350 (Tex. App.–Texarkana 2000, no pet.) (holding that the failure to object at trial that the witness was not an expert on the standardized field sobriety tests and did not testify as to the proper administration of the tests did not preserve the complaint for

---

[1]Valdez testified that he was trained in "standardized field sobriety tests certified by the State of Texas" and that it included training in the administration of the HGN test.

appeal).  And, we cannot say (upon reviewing the entire record) that 1) the evidence supporting the verdict was too weak to justify a finding of guilt beyond reasonable doubt or 2) the contradictory evidence was so strong as to negate the factfinder's ability to find guilt beyond reasonable doubt.

In short, the verdict enjoys the support of legally and factually sufficient evidence.

### Issues 3 and 4 - Ineffective Assistance

In his next two issues, appellant contends he received ineffective assistance of counsel at trial since his attorney failed to challenge 1)  the legality of the initial traffic stop and 2) the qualifications of the deputy to undertake HGN testing.  We overrule the issues.

One claiming ineffective assistance of counsel must establish not only that his counsel was deficient but also that the deficiency was prejudicial. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If either or both prongs of the test are unsatisfied, then the claim must be rejected.  *Garcia v. State,* 887 S.W.2d 862, 880 (Tex. Crim. App. 1994), *overruled on other grounds by Hammock v. State,* 46 S.W.3d 889 (Tex. Crim. App. 2001). Moreover, claims of ineffective assistance must be firmly founded and demonstrated in the record. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

At bar, no motion for new trial was filed.  Nor is there evidence of record illustrating why defense counsel did not do that mentioned by appellant.  It could be that he thought evidence of one's weaving across fog lines while driving at night was sufficient to justify a stop, and authority would support that belief.  *See State v. McDougal*, No. 07-02-0294-CR 2003 WL 21135572 at *2 (Tex. App.–Amarillo May 16, 2003, no pet.) (not designated for publication) (holding that an officer was justified in stopping a vehicle when he saw it weave across the fog line at night).  And, as to the qualifications of the deputy, it may well be that

4

defense counsel knew of the officer's credentials and thought them sufficient. Indeed, Valdez did testify that he trained to administer the HGN test through programs certified by the State of Texas. Moreover, appellant cites us to no evidence of record nor have we found any indicating that the deputy lacked the requisite certification to administer the HGN test. Rather, appellant simply assumes that he may not have been certified since no one specifically asked that question. In short, we are left to speculate upon the reasons why counsel selected the course he did, and that we cannot do. *Perez v. State,* 56 S.W.3d 727, 731 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd). And, these circumstances prevent us from concluding that appellant established that his trial attorney was ineffective. *See Fulgium v. State,* 4 S.W.3d 107 116-17 (Tex. App.–Waco 1999, pet. ref'd) (holding that without a record showing why defense counsel did not properly object to the trooper's testimony regarding administration of the HGN test and that the trooper was not certified to administer the test, the claim of ineffective assistance could not be meaningfully addressed).

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.

5