In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00211-CR
______________________________


MARCHELL DERECK CARPENTER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 04-0419


                                                 


Before Morriss, C.J., Ross and Cornelius,* JJ.
Memorandum Opinion by Justice Cornelius

________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION
            Marchell Dereck Carpenter was charged with three counts of aggravated sexual assault of
a child. A jury convicted him on two of the counts and set his punishment at ten years and one day
of confinement on each count. The trial court ordered the sentences to be served consecutively.
            Carpenter does not challenge the sufficiency of the evidence. He raises three issues on
appeal, contending that the trial court erred (1) in overruling his objections to expert testimony given
by child forensic interviewer, Ms. Jamie English; (2) in excluding evidence of a third party's
extraneous act; and (3) in making improper comments before the jury during trial. We overrule all
these contentions and affirm the judgment.
            Carpenter was charged with having sexual intercourse with his niece, R.H., on ten or eleven
separate occasions over a period of some two years. R.H. was eleven years of age when the first act
occurred, and she was fifteen at the time of trial.
            Carpenter first contends the trial court erred in allowing English to  testify  as  to  three
specific  matters: (1)  relating  to  whether  children  can  gauge  time frames; (2) what is the
appropriate reaction by a child to sexual assault; and (3) whether R.H., in her interview, was able to
identify body parts.
            English, at the time of trial, was the program director and forensic interviewer of the Gregg
County Children's Advocacy Center. She holds a bachelor's degree in social work and has completed
sufficient graduate work to be near earning her master's degree. She has worked for Child Protective
Services, where she received extensive training in child abuse and interviewing children, and she had
four years' continuing education in that agency's highest level of training in that field. At the time
of trial, English had conducted approximately 850 forensic interviews with children. She has
qualified as an expert in the 124th Judicial District Court of Gregg County, in a case that was
affirmed on appeal by this Court. See Malone v. State, 163 S.W.3d 785 (Tex. App.—Texarkana
2005, pet. ref'd).
            Expert testimony is admissible under Rule 702 of the Texas Rules of Evidence if the trial
court satisfies itself that (1) the witness qualifies as an expert by reason of his or her knowledge,
skill, education, training, or experience; (2) the subject matter of the testimony is appropriate for
expert testimony; and (3) the expert testimony will assist the jury in deciding the case. Tex. R. Evid.
702; Nenno v. State, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998); Malone, 163 S.W.3d at 792. 
When the expert is from a discipline that involves technical or other specialized knowledge,
experience, and training, as opposed to scientific method, the test for reliability is (1) whether the
field of expertise is a legitimate one; (2) whether the expert's testimony is within the scope of that
field; and (3) whether the expert's testimony properly relies on and uses the principles involved in
that field. Nenno, 970 S.W.2d at 561.
            The first instance of expert testimony Carpenter challenges is where the prosecutor asked
English, "Are children able to gage [sic] time frames?"
            English answered, "Well, everyone actually, even adults, have trouble with memory,
especially over time."
            The second instance raised by Carpenter is when the prosecutor asked English, "Let[']s talk
about children in general as to their emotional state when they come to you. Can you tell me what
the appropriate reaction is to sexual assault?"
            English answered, "I don't believe there is any such thing as an appropriate response to sexual
assault. Everybody deals with what happened to them in a different way."
            The third instance Carpenter complains about is when the prosecutor asked English, "You
didn't have any trouble with different body parts with her, right? She was old enough to know what
is what?"
            English answered, "She identified the body parts on the drawings[,] and I believe she called
them the lower body parts on both the male and female genitalia."
            The trial court did not abuse its discretion in allowing this testimony. English was qualified
by education, training, and experience as a forensic interviewer of children to testify and give her
opinions in answer to the questions asked of her. Her field of expertise is a legitimate one, and her
testimony was in the scope of her field and properly relied on the principles involved in that field. 
Cf. Malone, 163 S.W.3d at 792–95. Moreover, Carpenter did not object to the second and third
instances cited above, and English's answer in the third instance was not an opinion, but a statement
of fact as to what happened in the interview. Her answers in instances one and two are little more
than observations of common knowledge.
            Carpenter also complains because the trial court refused to admit evidence that R.H.'s half
sister was removed from her home by her parents because they thought she had engaged in improper
sexual conduct. Carpenter sought to introduce this evidence to show R.H. was motivated to fabricate
her allegations against Carpenter out of fear that she might be subjected to treatment similar to what
her half sister had experienced. Carpenter made a bill of exceptions for this evidence. On the bill,
Carpenter presented evidence from R.H.'s aunt that R.H.'s half sister was removed from her parents'
home because they had found condoms or condom wrappers in her room. R.H.'s aunt testified she
did not tell R.H. about the condoms. R.H. testified she knew her half sister was removed from the
home, but she was not aware of the specific accusation of misconduct that caused it. She testified
she thought her half sister was doing things "school-wise" that she was not supposed to do. R.H.'s
father testified the half sister was removed from the home because she was disobedient to him and
his wife, and there was no accusation of sexual misconduct involved. There is no evidence that R.H.
knew of any accusation of sexual misconduct against her half sister.
            We conclude the trial court properly excluded evidence of this extraneous allegation. 
Because R.H. did not know of and had never heard of any accusation of sexual misconduct involving
her half sister, the evidence, even if it is true, could not have been a motivation for R.H. to fabricate
her allegations. The trial court was correct to exclude the proffered evidence because it was not
relevant, and the evidence's admission would be calculated to confuse the issues and mislead the
jury. See Tex. R. Evid. 403.
            Finally, Carpenter contends several comments by the trial court during the trial constitute
fundamental error that requires a new trial. Carpenter first complains of the following, which
occurred during cross-examination of R.H.'s father:
Q:  Now you discovered this —[R.H.] told you this approximately when . . . ?
 
A:  Told me approximately — you want a date?
 
Q:  Yeah.
 
THE COURT: Now we have gone over this.
 
[Defense counsel]: She made an issue of the date on this statement, Your Honor. 
I need to clarify.
 
THE COURT: Quickly, because the jury has heard it four or five times . . . .
 
The following testimony was during cross-examination of Jennell Henderson (Carpenter's sister):
[State's counsel]: Objection, Your Honor, hearsay.
 
[Defense counsel]: She has already testified to it, Judge.
 
THE COURT: Not in front of the jury. Just go ahead and have her state what
you are trying to impeach Margo with.
 
[Defense counsel]: No way to impeach her — just show that it happened and she
agrees to it.
 
The following was during defense counsel's closing argument:
[State's counsel]: Objection, that is not the burden of proof.
 
THE COURT: Mr. Soloman, your time is up.
 
[Defense counsel]: Are you limiting my time, Your Honor, to less than thirty
minutes because I haven't used thirty.
 
THE COURT: I am going to let them use the rest of the time explaining to them
reasonable doubt. I have given you a definition, or I have given you instructions with
regard to the burden of proof, and it is not beyond — not that you have to know it for
a fact.
 
[Defense counsel]: Can I explain to them that they are fact finders?
 
THE COURT: Your time is up, Mr. Soloman.
 
[Defense counsel]: I have six minutes left.
 
THE COURT: No, you don't.
 
[Defense counsel]: She didn't stop until three minutes — but that is fine. I am
through.
 
THE COURT: I don't know about that clock. I have got my timer right here.
 
Carpenter's counsel did not object to any of the comments noted above.
            The judge in a criminal trial must not comment on the weight of the evidence. Tex. Code
Crim. Proc. Ann. art. 38.05 (Vernon 1979). However, the comments challenged by Carpenter were
made by the trial court in ruling on the admissibility of the evidence, the order of trial proceedings,
and in maintaining control and expediting the trial. The trial court has broad discretion in these
matters. Moreover, a trial judge's irritation with defense counsel does not constitute an indication
of the judge's views on the weight of the evidence or the defendant's guilt or innocence. Jasper v.
State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001); Singleton v. State, 91 S.W.3d 342, 351 (Tex.
App.—Texarkana 2002, no pet.). These comments were not calculated to convey to the jury the trial
court's opinion of the case, and they were not error.
            Carpenter argues these comments by the trial court constitute fundamental error of
constitutional dimension. We disagree. For comments by the trial court to amount to fundamental
error, the comments must be of such nature that they taint the presumption of innocence. Jasper,
61 S.W.3d at 421; Blue v. State, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000). In our judgment, none
of the comments here rise to the level of reversible error, and certainly not fundamental error. Cf.
Jasper, 61 S.W.3d at 420–21; Singleton, 91 S.W.3d at 351–52; Houang v. State, 997 S.W.2d 678,
679–84 (Tex. App.—Texarkana 1999, no pet.).
            For the reasons stated, we affirm the judgment.

                                                                                    William J. Cornelius*
                                                                                    Justice

*Chief Justice, Retired, Sitting by Assignment

Date Submitted:          March 17, 2006
Date Decided:             July 26, 2006

Do Not Publish