Opinion filed April 8,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-09-00042-CR

                                                     __________

 

                                      STATE
OF TEXAS, Appellant

                                                             V.

                          CHRISTOPHER
ROBERT CLARK, Appellee



 

                              On
Appeal from the County Court at Law No. 1

                                                            Taylor
County, Texas

                                                  Trial
Court Cause No. 1-1363-08

 



 

                                                                  O
P I N I O N

            The
State of Texas appeals from the granting of Christopher Robert Clark’s motion
to suppress evidence, which he presented in the underlying case in which he is
charged with the offense of driving while intoxicated.  In its sole point, the
State urges that the trial court abused its discretion in granting Clark’s
motion to suppress.  We reverse the order granting Clark’s motion to suppress
and remand for further proceedings consistent with this opinion.

            We
review the trial court’s ruling on a motion to suppress evidence for an abuse
of discretion. Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim.
App. 2005).  We review the evidence in the light most favorable to the trial court’s
ruling.  Id.  When the trial court makes explicit fact findings, we
determine whether the evidence, when viewed in the light most favorable to the
trial court’s ruling, supports those findings.  State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006).  We then review the trial court’s legal
ruling de novo unless its explicit fact findings that are supported by the
record are also dispositive of the legal ruling.  Id.  We will sustain
the trial court’s decision if it is correct on any theory of law applicable to
the case.  Swain, 181 S.W.3d at 365.  

            Clark
contended in his motion to suppress that the arresting officer violated his
constitutional and statutory rights, urging that he did not violate any law
that would cause reasonable suspicion on the part of the officer to justify the
officer in stopping and detaining him.  The arresting officer, Sergeant Eric
Katona of the Abilene Police Department, testified at the hearing on Clark’s
motion to suppress that he and Sergeant McKeever were on patrol at about 3:20
a.m. when they heard what sounded like a very loud screeching of tires.  He
said that, within two blocks, he observed a pickup that was not moving except
for the back tires, which were spinning and producing a huge cloud of black
smoke and a very loud noise.  He indicated the driver was forcing the engine to
“rev” and forcing the tires to move without going anywhere.  Sergeant Katona
related that the driver was forcing the accelerator hard enough to continue to
screech the tires even after the vehicle was moving, creating a very loud
noise.  Sergeant Katona indicated that the immediate area included residential
homes and McMurry University.  He stated that it was not a particularly loud
area.

            Sergeant
Katona testified that, when he told Clark that he was stopping him because of
the screeching tires and smoke coming off the back of the vehicle, Clark told
him he knew it was an exhibition of acceleration.  Sergeant Katona acknowledged
that Clark was not engaged in a race.  He insisted that he pulled Clark over
for “the disturbance of a motor vehicle.”  Sergeant Katona agreed that, in his
report, he stated, “He was doing an exhibition of acceleration with his tires. 
And the tires squealing on the ‘payment’ [sic] was making the smoke and the
noise.”

            The
trial court entered the following findings of fact and conclusions of law:

FINDINGS
OF FACT

            1.
The Court finds that Officer Katona stopped Christopher Clark’s vehicle for
exhibition of acceleration.  

 

            2. The Court
finds that Christopher Clark’s vehicle was not in competition or racing any
other vehicle.

 

            3. The
Court finds that the traffic stop was conducted in a business, residential, and
college dormitory area.

 

            4. The Court
finds that the traffic stop was in a public place.

 

            5. The Court
finds that the screeching of tires is what drew Officer Katona’s attention to
Christopher Clark’s vehicle

 

CONCLUSIONS
OF LAW

1. The
reason for the stop was exhibition of acceleration. Texas Transportation Code
545.420.

 

2. Texas
Transportation Code 545.420, as amended, no longer includes exhibition of
acceleration unless it is in competition with another motor vehicle.

 

3. The
Court ruled that the stop was not reasonable under Texas Transportation Code
545.420.  

 

4. The
Court ruled that exhibition of acceleration, Texas Transportation Code 545.420,
is not the same as disturbance by motor vehicle, Abilene Municipal Code Section
18-153.

 

            The
trial court took judicial notice of Section 18-153 of the Abilene Municipal
Code.  It provides:

            No
person, in a public place or public way, shall race the motor of any motor
vehicle, needlessly bringing to a sudden start or stop any motor vehicle, blow
any horn of any motor vehicle, drive in any manner calculated to draw immediate
attention to a motor vehicle or cause to be made any loud or unseemly noise,
nuisance or disturbances, whereby the quiet, safety or good order of a public
place, premises or neighborhood area is disturbed.

 

Abilene, Tex., Municipal Code art. VII,
§ 18-153 (2003).

            Objectively,
it was reasonable for Sergeant Katona to stop Clark because he appeared to be
in violation of Section 18-153 of the Abilene Municipal Code. The trial court
apparently granted the motion on the basis that Sergeant Katona thought he was
stopping Clark for exhibition of vehicle speed or acceleration in violation of Section 545.420
of the Texas Transportation Code when, in fact, Clark was not in violation of
that section because he was not racing anyone.  The section had previously been
amended to provide that an exhibition of vehicle speed or acceleration is only
a
violation of that section when done in connection with a drag race.  Tex. Transp. Code Ann. § 545.4220
(Vernon Supp. 2009).

            We
hold that the trial court erred in granting Clark’s motion to suppress because
the evidence before the court showed a reasonable basis for Sergeant Katona to
suspect Clark of violating Section 18-153 of the Abilene Municipal Code. 
There need only be an objective basis for the stop; the subjective intent of
the officer conducting the stop is irrelevant.  Garcia v. State, 43
S.W.3d 527, 530 (Tex. Crim. App. 2001); Singleton v. State, 91 S.W.3d
342, 346 (Tex. App.—Texarkana 2002, no pet.).  Consequently, any subjective
intent on the part of Sergeant Katona to stop Clark for the violation of the
state statute that was no longer applicable is irrelevant. 

            Clark
first argues that Section 18-153 of the Abilene Municipal Code is
unconstitutionally void for vagueness.  He did not present this challenge to
the constitutionality of Section 18-153 at the trial court level.  Because Section
18-153 of the Abilene Municipal Code constitutes the objective basis for the
stop of Clark, not the basis for his prosecution, his claim as to its
constitutionality was not preserved and may not be presented for the first time
on appeal.  See Webb v. State, 899 S.W.2d 814, 817-19 (Tex. App.—Waco
1995, pet. ref’d).  

            Clark
also urges that Sergeant Katona did not present specific, articulable facts
showing that he violated Section 18-153 of the Abilene Municipal Code.  We hold
that the facts stated by Sergeant Katona, which we have previously set
forth, constitute specific, articulable facts sufficient to show a reasonable
basis for the belief that Clark was violating Section 18-153 of the Abilene
Municipal Code just prior to being stopped by Sergeant Katona.

            In
urging that the facts given by Sergeant Katona are not specific, articulable
facts sufficient to show a reasonable basis for the belief that Clark was
violating Section 18-153 of the Abilene Municipal Code, Clark relies on the
case of Ford v. State, 158 S.W.3d 488, 493-94 (Tex. Crim. App.
2005).   We find that case to be distinguishable.  In Ford, the only
evidence offered in support of a stop was that, in the police officer’s
judgment, Ford was following another car too closely in violation of Section
545.062(a) of the Texas Transportation Code.  Id. at 494.  That section
provides:  

            An
operator shall, if following another vehicle, maintain an assured clear
distance between the two vehicles so that, considering the speed of the
vehicles, traffic, and the conditions of the highway, the operator can safely
stop without colliding with the preceding vehicle, or veering into another
vehicle, object, or person on or near the highway.  

 

Tex. Transp. Code Ann. § 545.062(a)
(Vernon 1999).  

            Given
the fact that the officer did not testify about the distance Ford was behind
the preceding vehicle or offer any evidence of the speed of the vehicles, the
traffic, or conditions of the highway, the appellate court had no reasonable
basis upon which it could determine that the officer’s suspicion that Ford was
in violation of this statute was correct.  In the case at bar, the evidence
established that there was a very loud screeching of tires while Clark was
“revving his engine” so as to cause his tires, but not his vehicle, to move and
that his vehicle continued creating a very loud noise after it started moving
because Clark was forcing the accelerator hard enough to continue to screech
the tires.  The evidence also established that all of this occurred at about
3:20 a.m. in an immediate area that included residential homes.  This
constituted sufficiently specific, articulable facts by which we are able to
determine that there was a reasonable basis upon which to stop Clark.  Clark
notes that there is no evidence that anyone was actually disturbed.  However,
it would have been reasonable for Sergeant Katona to suspect that the sound of
a revving engine and a very loud screeching of tires would be disturbing to
nearby residents when the sound is made at 3:20 a.m. in a residential
neighborhood.  Having concluded that the trial court abused its discretion in
granting Clark’s motion to suppress, we sustain the State’s sole point on
appeal.

            We
reverse the trial court’s order granting Clark’s motion to suppress and remand
for further proceedings consistent with this opinion.

 

                                                                                    JOHN
G. HILL

                                                                                    JUSTICE

April 8, 2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









                [1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.