**John Wayne KENNEDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–90–00184–CR.**

Court of Appeals of Texas, Tyler.

Jan. 26, 1993.

---

Barry L. Goodwin, Kathleen H. Fields, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

HOLCOMB, Justice.

This is an appeal of a conviction, after a plea of guilty to the court, from the denial of a pre-trial motion to suppress evidence.

On September 17, 1989, at approximately 5:30 p.m., Appellant John Wayne Kennedy was driving a used car bearing a temporary cardboard registration "dealers tag" displayed in the back window of the passenger side. Two Tyler police officers saw the tag and noticed that it appeared to be very faded. They followed the car approximately three-quarters of a mile but could not determine the date the tag was issued. Because the tag was very faded, they suspected it was expired. Officer Hairford, who was driving, turned on his lights and siren and four blocks later the appellant finally pulled over and came to a stop. Officer Hairford approached Appellant's vehicle on the driver's side while his partner, Officer Isham, approached the passenger side. It was evident to the officers that the dealers tag had expired twenty (20) days earlier. Appellant was asked to present his drivers license and proof of insurance and he responded that he had neither. Officer Hairford then asked Appellant's name and date of birth, to which

Appellant responded, "John Wayne," then after a pause, "Kennedy," and gave his correct birthdate of August 19, 1960. Appellant was asked if he had any photo-identification and he replied that he did not. Officer Hairford asked Appellant to get out of the car to see if Appellant had a wallet that might contain some identification. As Appellant got out of the car, Officer Hairford notice a small whitish object in plain view on the floorboard which he suspected to be crack cocaine. The officer picked up the object which he described as a "$20.00 rock," about half the size of a pencil eraser. Appellant was placed under arrest and charged with possession of a controlled substance and three traffic violations.

At the hearing on the motion to suppress the evidence, the following was introduced. The officers had observed Appellant making suspicious motions between the time they turned on their patrol car lights and siren and when Appellant finally pulled over. The vehicle was unregistered as the officers had suspected. After Appellant was taken to the police station, the officers verified that Appellant had given them his correct name and age at the scene of the stop.

Appellant brings three points of error on appeal by which he contends (1) that the stop was illegal, (2) the arrest was illegal, and, (3) that the search was illegal. We will affirm the judgment.

■ Appellant argues that there was no violation in having a faded dealers tag on his vehicle, and thus, the officers had no probable cause to believe a violation had occurred. Appellant argues that under *Vicknair v. State*, 751 S.W.2d 180 (Tex.Cr. App.1986), even if the officer acts in "good faith," if the stop is based on actions that do not constitute an offense then the stop is unlawful. *Vicknair* does not support Appellant's arguments. In *Vicknair*, the officer thought that white light coming through a crack in a tail light constituted a violation for defective equipment; it did not. *Id.*, at 187–88. The resulting stop, search, and arrest were unlawful because the officer had no reasonable suspicion or probable cause that a real violation had

occurred. *Id.*, at 190. Appellant does not argue that the use of an unregistered car is lawful, only that displaying a faded tag is not unlawful.

■ In this case, the faded dealers tag gave the officers reasonable suspicion to believe that a violation had occurred, that Appellant was driving an unregistered car. Appellant was not stopped because the faded tag was a violation, but rather, under the circumstances, it was an indication that a violation had been, and was, occurring. *See Hoag v. State*, 728 S.W.2d 375 (Tex.Cr. App.1987); *Daniels v. State*, 718 S.W.2d 702 (Tex.Cr.App.1986). A police officer is authorized to stop a vehicle when a violation has occurred in his presence. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex.Cr. App.1982). Having formed a reasonable suspicion that Appellant was driving an unregistered vehicle, officers had the authority to lawfully stop him for further investigation. *Anderson v. State*, 701 S.W.2d 868, 873 (Tex.Cr.App.1985).

We find that the officers had a reasonable suspicion that a violation was occurring and that the stop of Appellant was lawful. The first point of error is overruled.

■ By his second point, Appellant argues that even if the stop was lawful, the arrest was unlawful because it was made for a reason unrelated to the initial stop. When Appellant was unable to produce his driver's license or proof insurance, and was operating an unregistered car, the officers had authority to arrest him.

Appellant argues that the stop was for the purpose of determining whether the dealers tag was expired, and that anything prior to checking the tag was an intrusion not based upon reasonable suspicion or probable cause. When officers make a stop to investigate the registration of a vehicle, asking to see a driver's license is a reasonable intrusion on the driver's freedom. *See Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Anderson v. State*, 701 S.W.2d 868, 873 (Tex.Cr.App.1985). We conclude that the initial stop was valid and the request for

Appellant to get out of the car was proper. When Appellant could not produce a driver's license or other identification, the officers had grounds to make an arrest. Officer Hairford was in the process of determining Appellant's identity when he asked him to get out of the car. Appellant argues that he had a constitutional right to remain seated in his car while waiting for the officer to announce that they were arresting him. Appellant cites no authority for his position, and we find none. Appellant's second point of error is overruled.

In his final point of error, Appellant argues that the search of his car was illegal because the stop and arrest were illegal. Since both the stop and the arrest were lawful and the contraband was in plain view of the arresting officer, this point is without merit and is overruled.

The judgment of the trial court is affirmed.