NO. 07-03-0241-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 24, 2004

_____

RAFAEL HERNANDEZ GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF YOAKUM COUNTY;

NO. 9278; HONORABLE KELLY G. MOORE, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following the denial of his motion to suppress evidence, appellant Rafael

Hernandez Gonzales entered a guilty plea conditioned upon his right to appeal the trial

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

court's ruling to driving while intoxicated. The trial court then found appellant guilty and assessed as punishment a sentence of 120 days confinement, probated for 180 days, and a $600 fine. With three issues, appellant contends the trial court: (1) erred in overruling his motion to suppress evidence obtained in violation of his right against unreasonable search and seizure under both state and federal constitutions; and (2) was required to exclude that evidence in accordance with the exclusionary rules of the federal constitution and article 38.23 of the Texas Code of Criminal Procedure. (Vernon 2003). We affirm.

Kinley Powell is a certified peace officer and a deputy with the Yoakum County Sheriff's Department. Early on the morning of June 9, 2002, Powell was sitting in his patrol car on the side of a county road when he observed in his side-view mirror lights from an approaching car. The car appeared to be drifting toward his car. Indeed, Powell remarked to his passenger, a reserve deputy sheriff, it looked like the car might hit them. Powell was concerned a driver at that time of the morning might not be paying attention or might have fallen asleep behind the wheel. He considered the situation to be dangerous until the driver moved his car into the other lane and went around him. Powell watched as the car turned onto an intersecting county road. He then "hesitated to turn in behind it so that [he] could see the license plate without any light shining on it." At that point, Powell observed the car's rear license plate light was not working. Powell followed the car a short distance to "observe any other driving behavior," then activated his emergency lights. The driver of the car did not immediately stop, but rather turned onto another county road, where he finally pulled over. When Powell approached the car, he identified appellant as the driver.

2

Detecting the strong smell of alcohol on appellant's breath, Powell contacted the Department of Public Safety and requested a trooper be dispatched to assist him with the stop. Trooper Lance Malloy responded to the scene, conducted a series of field sobriety tests on appellant, administered a portable breath test, concluded appellant was intoxicated, and arrested him.

By his first two issues, appellant contends the trial court erred in failing to suppress the evidence against him as it was the product of an unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution and article one, section nine of the Texas Constitution. Appellant maintains by his third issue that the exclusionary rules under state and federal law required the trial court to exclude the evidence because it was the result of an illegal search and seizure. *See* Segura v. United States, 468 U.S. 796, 804, 104 S.Ct. 3380, 3385, 82 L.Ed.2d 599, 608 (1984), *and* Tex. Code Crim. Proc. Ann. art. 38.23. With each issue, we disagree.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). When reviewing an appeal from the trial court's denial of a motion to suppress, great deference is afforded to the trial court's decision on mixed questions of law and fact that turn on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). An appellate court must view the evidence in the light most favorable to the court's ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). In a suppression hearing the trial court

3

is the sole judge of the credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex.Cr.App. 2000). However, for mixed questions of law and fact which do not fall within this category, an appellate court may conduct a *de novo* review of the trial court's ruling. Hernandez v. State, 957 S.W.2d 851, 852 (Tex.Cr.App. 1998) (*citing Guzman*, 955 S.W.2d at 89). In other words *de novo* review applies when the facts are undisputed. State v. Jennings, 958 S.W.2d 930, 932 (Tex.App.–Amarillo 1997, no pet.). Additionally, questions involving reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See* Loesch v. State, 958 S.W.2d 830, 832 (Tex.Cr.App. 1997). Finally, if the trial court's decision is correct on any theory of law applicable to the case, we will uphold that decision. *Ross*, 32 S.W.3d at 855-56.

It is undisputed that Powell did not have a warrant either to search appellant's car or to arrest him. Thus, it was the State's burden at the suppression hearing to show Powell had at least a reasonable suspicion that appellant had either committed an offense or was about to do so before he made the stop. That determination is based upon the totality of the circumstances, and there is no requirement that a particular statute be violated to give rise to reasonable suspicion. Texas Dept. of Public Safety v. Bell, 11 S.W.3d 282, 284 (Tex.App.–San Antonio 1999, no pet.).

An investigatory stop of a vehicle or person by the police does not violate the Fourth Amendment if articulable facts support a reasonable suspicion that the vehicle or person

stopped has been or is involved in criminal activity. United States v. Cortez, 449 U.S. 411, 421-22, 101 S. Ct. 690, 697, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a reasonable person in the position of the officer making the stop, with the training and experience of the officer, and with the knowledge possessed by the officer, could suspect that the vehicle or person stopped has been or is connected to criminal activity. *Cortez*, 449 U.S. at 421-22. The subjective thoughts and intentions of the officer making the stop are not determinative of whether articulable facts support a reasonable suspicion. Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed. 2d 89 (1996). Rather, the Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances, whatever the subjective intent of the officers involved. *Id*. at 814. The standard used to measure the conduct of police under the Texas Constitution is, like its federal counterpart, an objective one. Crittenden v. State, 899 S.W.2d 668, 673-74 (Tex.Cr.App. 1995)

In this case, at the time Powell observed appellant's vehicle, he believed the car's rear license plate light was not working. Failure to have a light that illuminates the rear license plate is a traffic violation. *See* Tex. Trans. Code Ann. §§ 542.301(a) & 547.322(f) (Vernon 1999); State v. McCall, 929 S.W.2d 601, 603 (Tex.App.–San Antonio 1996, no pet.). Thus, under the circumstances presented to Powell at the precise moment appellant drove past his patrol car, the deputy had, not only reasonable suspicion, but also, probable cause to believe he was witnessing a violation of the law. Foster v. State, 814 S.W.2d 874, 878 (Tex.App.–Beaumont 1991, pet. ref'd). What is more, even assuming the license plate

5

light turned out, in fact, to be operational, the stop still would have been valid.  This is so because, at the time he decided to initiate the stop, Powell had a reasonable suspicion or probable cause that a real violation had occurred.  *Cf.* Kennedy v. State, 847 S.W.2d 635, 636 (Tex.App.–Tyler 1993, no pet.), *citing* Vicknair v. State, 751 S.W.2d 180 (Tex.Cr.App. 1986) (for proposition that even if the officer acts in good faith, if the stop is based upon actions that do not constitute an offense, then the stop is unlawful).

Furthermore, because we may affirm on any theory of law applicable to the case, we may also look to see whether the articulated facts about which Powell testified would, in light of his experience and personal knowledge, together with inferences from those facts, warrant a reasonable person to believe *any* traffic violation had occurred.  Singleton v. State, 91 S.W.3d 342, 347 (Tex.App.–Texarkana 2002, no pet.) (Emphasis added).  In the context of this case, we note that a person commits the offense of reckless driving if he drives a vehicle in wilful or wanton disregard for the safety of persons or property.  Tex. Trans. Code Ann. § 545.401(a).  While Powell averred he did not consider appellant's veering toward him to be a violation of the law, he did believe it was dangerous.  Indeed, Powell was so concerned appellant might hit his car that he alerted the reserve deputy who was with him to that possibility.  Thus, based upon the totality of the circumstances, Powell's specific, articulable facts, in light of his experience and personal knowledge, together with inferences from those facts, were sufficient to support the trial court's finding of reasonable suspicion that a traffic violation, specifically, reckless driving, had occurred. *Singleton*, 91 S.W.3d at 347-48.  Thus, the trial court did not err in overruling appellant's

6

motion to suppress or in failing to exclude the challenged evidence on the basis it was obtained in violation of law. Appellant's three issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.