NO. 07-03-0241-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 24, 2004



______________________________




RAFAEL HERNANDEZ GONZALES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF YOAKUM COUNTY;



NO. 9278; HONORABLE KELLY G. MOORE, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Following the denial of his motion to suppress evidence, appellant Rafael
Hernandez Gonzales entered a guilty plea conditioned upon his right to appeal the trial
court's ruling to driving while intoxicated. The trial court then found appellant guilty and
assessed as punishment a sentence of 120 days confinement, probated for 180 days, and
a $600 fine. With three issues, appellant contends the trial court: (1) erred in overruling
his motion to suppress evidence obtained in violation of his right against unreasonable
search and seizure under both state and federal constitutions; and (2) was required to
exclude that evidence in accordance with the exclusionary rules of the federal constitution
and article 38.23 of the Texas Code of Criminal Procedure. (Vernon 2003). We affirm.

 Kinley Powell is a certified peace officer and a deputy with the Yoakum County
Sheriff's Department. Early on the morning of June 9, 2002, Powell was sitting in his patrol
car on the side of a county road when he observed in his side-view mirror lights from an
approaching car. The car appeared to be drifting toward his car. Indeed, Powell remarked
to his passenger, a reserve deputy sheriff, it looked like the car might hit them. Powell was
concerned a driver at that time of the morning might not be paying attention or might have
fallen asleep behind the wheel. He considered the situation to be dangerous until the
driver moved his car into the other lane and went around him. Powell watched as the car
turned onto an intersecting county road. He then "hesitated to turn in behind it so that [he]
could see the license plate without any light shining on it." At that point, Powell observed
the car's rear license plate light was not working. Powell followed the car a short distance
to "observe any other driving behavior," then activated his emergency lights. The driver of
the car did not immediately stop, but rather turned onto another county road, where he
finally pulled over. When Powell approached the car, he identified appellant as the driver. 
Detecting the strong smell of alcohol on appellant's breath, Powell contacted the
Department of Public Safety and requested a trooper be dispatched to assist him with the
stop. Trooper Lance Malloy responded to the scene, conducted a series of field sobriety
tests on appellant, administered a portable breath test, concluded appellant was
intoxicated, and arrested him.

 By his first two issues, appellant contends the trial court erred in failing to suppress
the evidence against him as it was the product of an unreasonable search and seizure in
violation of the Fourth Amendment of the United States Constitution and article one,
section nine of the Texas Constitution. Appellant maintains by his third issue that the
exclusionary rules under state and federal law required the trial court to exclude the
evidence because it was the result of an illegal search and seizure. See Segura v. United
States, 468 U.S. 796, 804, 104 S.Ct. 3380, 3385, 82 L.Ed.2d 599, 608 (1984), and Tex.
Code Crim. Proc. Ann. art. 38.23. With each issue, we disagree. 

 A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). When reviewing an appeal from
the trial court's denial of a motion to suppress, great deference is afforded to the trial
court's decision on mixed questions of law and fact that turn on an evaluation of credibility
and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). An appellate
court must view the evidence in the light most favorable to the court's ruling. State v.
Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). In a suppression hearing the trial court
is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex.Cr.App. 2000). However, for mixed
questions of law and fact which do not fall within this category, an appellate court may
conduct a de novo review of the trial court's ruling. Hernandez v. State, 957 S.W.2d 851,
852 (Tex.Cr.App. 1998) (citing Guzman, 955 S.W.2d at 89). In other words de novo review
applies when the facts are undisputed. State v. Jennings, 958 S.W.2d 930, 932
(Tex.App.-Amarillo 1997, no pet.). Additionally, questions involving reasonable suspicion
and probable cause should be reviewed de novo on appeal. See Loesch v. State, 958
S.W.2d 830, 832 (Tex.Cr.App. 1997). Finally, if the trial court's decision is correct on any
theory of law applicable to the case, we will uphold that decision. Ross, 32 S.W.3d at 855-56. 

 It is undisputed that Powell did not have a warrant either to search appellant's car
or to arrest him. Thus, it was the State's burden at the suppression hearing to show Powell
had at least a reasonable suspicion that appellant had either committed an offense or was
about to do so before he made the stop. That determination is based upon the totality of
the circumstances, and there is no requirement that a particular statute be violated to give
rise to reasonable suspicion. Texas Dept. of Public Safety v. Bell, 11 S.W.3d 282, 284
(Tex.App.-San Antonio 1999, no pet.). 

 An investigatory stop of a vehicle or person by the police does not violate the Fourth
Amendment if articulable facts support a reasonable suspicion that the vehicle or person
stopped has been or is involved in criminal activity. United States v. Cortez, 449 U.S. 411,
421-22, 101 S. Ct. 690, 697, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a
reasonable person in the position of the officer making the stop, with the training and
experience of the officer, and with the knowledge possessed by the officer, could suspect
that the vehicle or person stopped has been or is connected to criminal activity. Cortez,
449 U.S. at 421-22. The subjective thoughts and intentions of the officer making the stop
are not determinative of whether articulable facts support a reasonable suspicion. Whren
v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed. 2d 89 (1996). 
Rather, the Fourth Amendment's concern with reasonableness allows certain actions to
be taken in certain circumstances, whatever the subjective intent of the officers involved. 
Id. at 814. The standard used to measure the conduct of police under the Texas
Constitution is, like its federal counterpart, an objective one. Crittenden v. State, 899
S.W.2d 668, 673-74 (Tex.Cr.App. 1995)

 In this case, at the time Powell observed appellant's vehicle, he believed the car's
rear license plate light was not working. Failure to have a light that illuminates the rear
license plate is a traffic violation. See Tex. Trans. Code Ann. §§ 542.301(a) & 547.322(f)
(Vernon 1999); State v. McCall, 929 S.W.2d 601, 603 (Tex.App.-San Antonio 1996, no
pet.). Thus, under the circumstances presented to Powell at the precise moment appellant
drove past his patrol car, the deputy had, not only reasonable suspicion, but also, probable
cause to believe he was witnessing a violation of the law. Foster v. State, 814 S.W.2d 874,
878 (Tex.App.-Beaumont 1991, pet. ref'd). What is more, even assuming the license plate
light turned out, in fact, to be operational, the stop still would have been valid. This is so
because, at the time he decided to initiate the stop, Powell had a reasonable suspicion or
probable cause that a real violation had occurred. Cf. Kennedy v. State, 847 S.W.2d 635,
636 (Tex.App.-Tyler 1993, no pet.), citing Vicknair v. State, 751 S.W.2d 180 (Tex.Cr.App.
1986) (for proposition that even if the officer acts in good faith, if the stop is based upon
actions that do not constitute an offense, then the stop is unlawful). 

 Furthermore, because we may affirm on any theory of law applicable to the case,
we may also look to see whether the articulated facts about which Powell testified would,
in light of his experience and personal knowledge, together with inferences from those
facts, warrant a reasonable person to believe any traffic violation had occurred. Singleton
v. State, 91 S.W.3d 342, 347 (Tex.App.-Texarkana 2002, no pet.) (Emphasis added). In
the context of this case, we note that a person commits the offense of reckless driving if
he drives a vehicle in wilful or wanton disregard for the safety of persons or property. Tex.
Trans. Code Ann. § 545.401(a). While Powell averred he did not consider appellant's
veering toward him to be a violation of the law, he did believe it was dangerous. Indeed,
Powell was so concerned appellant might hit his car that he alerted the reserve deputy who
was with him to that possibility. Thus, based upon the totality of the circumstances,
Powell's specific, articulable facts, in light of his experience and personal knowledge,
together with inferences from those facts, were sufficient to support the trial court's finding
of reasonable suspicion that a traffic violation, specifically, reckless driving, had occurred. 
Singleton, 91 S.W.3d at 347-48. Thus, the trial court did not err in overruling appellant's
motion to suppress or in failing to exclude the challenged evidence on the basis it was
obtained in violation of law. Appellant's three issues are overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice



Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



idden="false"
 UnhideWhenUsed="false" Name="Medium Shading 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00438-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



NOVEMBER
3, 2010

 



 

LUIS ANGEL OLVERA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 222ND DISTRICT COURT OF DEAF
SMITH COUNTY;

 

NO. CR-10D-041; HONORABLE ROLAND D. SAUL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ABATE AND REMAND

 

Appearing pro se, appellant Luis Olvera appeals his
conviction and sentence for felony driving while intoxicated.  In his notice of appeal, appellant states he
received appointed counsel in the trial court because of indigence.  The limited materials before us supply no
indication why appellant appears pro se
on appeal. We, therefore, abate the appeal and remand the case to the trial
court for further proceedings.

On remand, the trial court is
directed to immediately notice and conduct a hearing to determine: 

1. whether
appellant still wishes to pursue his appeal;

2. whether
appellant is indigent; and

3. if
appellant is indigent, whether he is entitled to appointment of counsel and a
free appellate record.

We further direct the trial court to
issue findings of fact and conclusions of law addressing the subjects
numerically itemized above.  

If the trial court finds appellant is
indigent and wishes to pursue his appeal, it shall appoint counsel to assist
appellant in the prosecution of the appeal. 
The name, address, telephone number, telefax
number, and state bar number of the counsel appointed
to represent appellant on appeal must also be included in the trial courts
findings of fact and conclusions of law. 

If the trial court finds appellant is
indigent and wishes to pursue his appeal, it shall order the clerk and court
reporter to prepare and provide appellant a record of the trial court
proceedings without charge to appellant. 

Furthermore, the trial court shall
cause to be developed 1) a supplemental clerks record containing the findings
of fact and conclusions of law and all orders of the trial court issued as a
result of its hearing on this matter and 2) a reporters record transcribing
the evidence and argument presented at the hearing on this matter.  Additionally, the trial court shall cause the
supplemental record to be filed with the clerk of this court on or before December
3, 2010.  If additional time is required
to perform these tasks, the trial court may so request by December 3, 2010.

If the trial court finds appellant
wishes to pursue his appeal and is entitled to a free record on appeal, the
reporters record and clerks record shall be filed with the clerk of this court
within thirty days of the date the supplemental record directed by this order
is filed.  Should the trial court find
appellant wishes to pursue his appeal but is not entitled to a free record, the
reporters record and clerks record shall be filed with the clerk of this
court within thirty days of the date the supplemental record directed by this
order is filed, subject, however, to appellants compliance with the
requirements of Rule of Appellate Procedure 35.3.  Tex. R. App. P. 35.3.  Additional deadlines shall fall in accordance
with the appellate rules.  See Tex. R. App. P. 38.6.

It is so ordered.

 

Per Curiam

 

Do not
publish.