2006 ND 241

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Kenneth Wayne OLIVER, Defendant and Appellant.**

**Nos. 20060082–20060085.**

Supreme Court of North Dakota.

Nov. 28, 2006.

Nancy Darlene Yon (argued), Assistant State's Attorney, and Michael Pitcher, third-year law student (on brief and appeared), Grand Forks, N.D., for plaintiff and appellee.

Kerry Shannon Rosenquist (argued) and Travis Finck, third-year law student (appeared), Grand Forks, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Kenneth Wayne Oliver appeals from four criminal judgments entered on a conditional plea of guilty for possession of a controlled substance with intent to deliver, possession of drug paraphernalia (methamphetamine), driving under suspension, and fleeing a police officer. He reserved his right to appeal the denial of his motion to suppress evidence found both in his car and on or near his person. Oliver claims the evidence was unconstitutionally seized as a result of a pretextual stop. We conclude the district court properly denied the motion, and we affirm the criminal judgments of the district court.

I

[¶ 2] During the late morning of July 6, 2005, an undercover narcotics task force detective surveilled Oliver after an informant reported a suspicious hand-to-hand exchange taking place at a local car wash/laundromat. The detective did not observe any drug-related activity but did note Oliver's car lacked license plates and had what appeared to be a faded and illegible temporary registration sticker. The detective testified she would have stopped Oliver's vehicle to check the registration if she had been driving a marked law enforcement vehicle with a light bar. Instead, she called uniformed patrol officers with information about the car and its direction of travel, telling the officers they would have to make their own decision regarding a stop.

[¶ 3] Grand Forks Police Officer Donald Beck responded to the detective's call. Beck testified he was driving behind Oliver's vehicle and noted the lack of license plates in possible violation of North Dakota vehicle registration laws. Officer Beck testified he saw what appeared to be a faded paper 30–day temporary registration sticker on the rear window of the car.

Because of the faded sticker and the fact the writing on it was not visible, Officer Beck turned on his lights to initiate the stop when both cars were stopped at a yield sign. Oliver did not immediately stop but instead drove into a nearby convenience store parking lot. Oliver left his vehicle and fled into the store, even after Beck and another officer commanded him to stop. The officers apprehended Oliver in the store's restroom where they found drug paraphernalia and a substance later determined to be methamphetamine. The police department's K–9 unit was called in to perform an exterior sweep of Oliver's car. When the dog indicated a "hit," the officers searched the vehicle and found methamphetamine and a scale. Oliver was arrested for fleeing a peace officer, possession of a controlled substance with intent to deliver, possession of drug paraphernalia (methamphetamine), and driving under suspension. Oliver moved to suppress the evidence, arguing the stop and resulting search were unconstitutional. The district court denied the motion. Oliver conditionally pled guilty, reserving his right to appeal.

## II

[¶ 4] Oliver argues the district court erred in denying his motion to suppress and to dismiss the charges because the stop of his vehicle was pretextual and therefore unconstitutional. The State argues the stop was constitutional because the officer had reasonable and articulable suspicion that Oliver was committing a vehicle license registration violation. The State argues whether the stop was pretextual is irrelevant because the officer observed a traffic violation, allowing for a lawful stop of the vehicle.

[¶ 5] When reviewing the denial of a suppression motion, we defer to the district court's findings of fact. *State v.*

*Kitchen*, 1997 ND 241, ¶ 11, 572 N.W.2d 106. Although we defer to the district court's findings of fact, questions of law are fully reviewable. *State v. Overby*, 1999 ND 47, ¶ 5, 590 N.W.2d 703. Here, the district court determined:

> [T]he officer making the investigatory stop had personally visually observed [Oliver's] vehicle without a rear license plate before he initiated a traffic stop. Further, he did not attempt to initiate a conversation with [Oliver] until after he determined that the temporary registration application was illegible.

[¶ 6] The Fourth Amendment of the United States Constitution and article I, § 8 of the North Dakota Constitution guarantee "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." The United States Supreme Court has stated:

> Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of [the Fourth Amendment]. An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.

*Whren v. United States*, 517 U.S. 806, 809–10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Traffic violations, even if pretextual, provide a lawful basis to conduct an investigatory vehicle stop. *State v. Loh*, 2000 ND 188, ¶ 10, 618 N.W.2d 477. A police officer's subjective intentions in making a stop are not important as long as a traffic violation has occurred. *Whren*, at 813, 116 S.Ct. 1769. As we have noted, "a party 'is going to have difficulty in using subjective mo-

tive to attack an arrest which is otherwise objectively justified by probable cause.'" *State v. Gregg*, 2000 ND 154, ¶ 46, 615 N.W.2d 515 (quoting *Holland v. City of Portland*, 102 F.3d 6, 11 (1st Cir.1996)).

[¶ 7] Here, Officer Beck testified he observed a Lincoln lacking license plates in possible violation of North Dakota law. Section 39–04–17, N.D.C.C., allows for a temporary paper certificate to be displayed on a vehicle while a title application is being processed. This temporary certificate is valid for thirty days from the date of application. The faded temporary registration certificate with no visible printing was indicative of a temporary certificate that was more than thirty days old and constituted an objective fact giving the officer a right to stop Oliver to check its validity.

[¶ 8] Oliver argues Officer Beck made the stop only after receiving information from an undercover narcotics task force detective who surveilled Oliver for a possible drug-related exchange at a carwash. Oliver argues this is not enough basis for a stop. He also argues displaying a faded temporary vehicle registration is not unlawful.

[¶ 9] In Texas, law enforcement officers observed a driver operating a used car with a very faded temporary registration "dealers tag." *Kennedy v. State of Texas*, 847 S.W.2d 635, 635 (Tex.App.1993). The officers followed the car but could not determine the tag's date of issue. *Id.* The officers believed the faded tag was expired, so they initiated a stop and arrested the driver for drug possession. *Id.* On appeal, the driver argued displaying a faded tag was not a violation and the officers therefore had no legal basis for a stop. *Id.* at 636. The Texas court disagreed, holding,

[T]he faded dealers tag gave the officers reasonable suspicion to believe that a violation had occurred, that Appellant was driving an unregistered car. Appellant was not stopped because the faded tag was a violation, but rather, under the circumstances, it was an indication that a violation had been, and was, occurring.

*Id.*

[¶ 10] Here, Officer Beck received a call from the undercover detective who did not stop Oliver but merely relayed information that Oliver may have been committing a traffic violation. The district court found Officer Beck personally observed a possible vehicle registration violation, thereby making the stop constitutional. Because Oliver fled when officers commanded him to stop, the subsequent searches of Oliver and the vehicle were incident to his arrest for fleeing a peace officer. We conclude, therefore, the district court properly refused to suppress the evidence obtained during the searches of Oliver and his vehicle.

### III

[¶ 11] We affirm the judgments, concluding the stop was not unconstitutional and the searches were valid searches incident to arrest.

[¶ 12] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.