2006 ND 248

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Trudy Marie JOHNSON, Defendant and Appellant.**

**No. 20060133.**

Supreme Court of North Dakota.

Nov. 28, 2006.

Joe A. Johnson, Nelson, Blumer & Johnson, P.L.L.P., Fargo, ND, for defendant and appellant; on brief.

Gary E. Euren, Assistant State's Attorney, and James W. Martens, third-year law student, Cass County Courthouse, Fargo, ND, for plaintiff and appellee; on brief.

CROTHERS, Justice.

[¶ 1] Trudy Marie Johnson appeals from a criminal judgment entered on a conditional plea of guilty for possession of a controlled substance, possession of drug paraphernalia, and possession of less than one-half ounce of marijuana. She reserved her right to appeal the denial of her motion to suppress evidence found in her purse and jacket, and to dismiss charges. Johnson claims the evidence was unconstitutionally seized as a result of an illegal traffic stop. We conclude the district court improperly denied the motion, and we reverse and remand.

I

[¶ 2] At approximately 2:30 p.m. on March 14, 2005, North Dakota Highway Patrol Trooper David Wolf was parked on an approach facing the east-bound lanes of Interstate 94 in Fargo. Wolf observed Johnson's vehicle as it passed him, noting it lacked a front license plate in possible violation of N.D.C.C. § 39-04-11. He drove onto the highway and caught up with Johnson's vehicle, noting the vehicle had no rear license plate but did have a paper temporary registration sticker affixed to the back window. Wolf testified it was difficult to see the sticker at the normal distance between two vehicles, but nothing about the sticker stuck out as unusual. Wolf also testified he did not observe any other traffic violations such as speeding or erratic driving. Instead, Wolf initiated a traffic stop solely to check the temporary sticker because of a belief many people drive beyond the thirty days allowed by the temporary registration.

[¶ 3] Wolf determined Johnson's temporary registration was expired when he approached the car and read the registration date. The car's driver admitted his license was suspended when Wolf questioned him, so Wolf placed him under arrest and called another officer for assistance. Trooper Troy Hischer arrived and began a search of the vehicle incident to the arrest. Hischer found marijuana, cocaine, and drug paraphernalia in Johnson's purse. Hischer arrested Johnson for possession of controlled substances and drug paraphernalia. At the jail, the booking officer discovered more marijuana in Johnson's jacket. Johnson moved to suppress all of the evidence, arguing the traffic stop and resulting search were unconstitutional. The district court denied the motion. Johnson conditionally pled guilty, reserving her right to appeal.

II

[¶ 4] Johnson argues the district court erred in denying her motion to suppress evidence and dismiss charges because the

stop of her vehicle was unconstitutional. The State argues the stop was constitutional because the officer had reasonable and articulable suspicion that Johnson was committing a vehicle registration violation.

[¶ 5] When reviewing the denial of a suppression motion, we defer to the district court's findings of fact. *State v. Kitchen*, 1997 ND 241, ¶ 11, 572 N.W.2d 106. Although we defer to the district court's findings of fact, questions of law are fully reviewable. *State v. Overby*, 1999 ND 47, ¶ 5, 590 N.W.2d 703. Here, the district court determined, "[T]he stop was based on Trooper Wolf's reasonable and articulable suspicion based upon no front or back license plates, [and] a sticker that was difficult to read and possibly expired."

[¶ 6] The Fourth Amendment of the United States Constitution and article I, § 8 of the North Dakota Constitution guarantee "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." The United States Supreme Court has stated:

> Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of [the Fourth Amendment]. An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.

*Whren v. United States*, 517 U.S. 806, 809–10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

[¶ 7] Here, Wolf testified he observed a 1992 Buick Regal lacking license plates in possible violation of North Dakota vehicle registration laws. Section 39–04–17, N.D.C.C., allows for a temporary paper certificate to be displayed on a vehicle while a title application is being processed. This temporary certificate is valid for thirty days from the date of application.

[¶ 8] Johnson argues she does not lose her Fourth Amendment rights simply because her vehicle had a temporary registration sticker. Johnson argues a law enforcement officer's hunch that she may have been in violation of a vehicle registration statute is not enough to authorize a stop. We agree. We discussed the situations that provide an officer reasonable and articulable suspicion to stop a vehicle, including when the officer directly observes illegal activity. *See Anderson v. Dir., N.D. Dep't of Transp.*, 2005 ND 97, ¶ 9, 696 N.W.2d 918. The State argues the activity Wolf observed, a vehicle with a temporary registration sticker that did not "stick out" as unusual in any way, was enough, by itself, to provide a reasonable and articulable suspicion to stop Johnson's vehicle.

[¶ 9] The reasonable suspicion standard is objective and based on the totality of the circumstances, but the "mere hunch illegal activity is taking place is not enough to justify the detention of a motorist." *Kappel v. Dir., N.D. Dep't of Transp.*, 1999 ND 213, ¶ 7, 602 N.W.2d 718. "An investigative stop of a moving vehicle must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity, and mere curiosity, suspicion, vague hunches, or other non-objective facts will not suffice." *Salter v. N.D. Dep't of Transp.*, 505 N.W.2d 111, 114 (N.D. 1993).

[¶ 10] There was no evidence here of erratic driving or speeding, nor did the temporary registration sticker stick out as unusual. Wolf stopped the vehicle because, in his experience, "many people drive on the sticker beyond the thirty days that's allotted." However, an officer's be-

lief "many people" violate the thirty-day temporary registration law is an over-generalization that does not give rise to reasonable suspicion that Johnson's automobile was not lawfully registered. *See United States v. Yousif,* 308 F.3d 820, 828 (8th Cir.2002) ("General profiles that fit large numbers of innocent people do not establish reasonable suspicion.").

[¶ 11] The decision in this case stands in contrast to our conclusion in *State v. Oliver,* 2006 ND 241, 724 N.W.2d 114, for an important reason: the officer in *Oliver* initiated the stop after observing a noticeably faded thirty-day temporary registration sticker. In *Oliver* we held the stop was lawful when the faded paper sticker with no visible printing provided an objective basis for the officer's reasonable belief the driver was operating an unregistered automobile. *Oliver,* 2006 ND 241, ¶¶ 9–10.

[¶ 12] Unlike in *Oliver,* the stop of Johnson's vehicle was not based on reasonable and articulable suspicion that a traffic violation was occurring simply because "many people" drive their vehicles beyond the thirty days allowed by the temporary registration statute. We conclude, therefore, the district court improperly refused to suppress the evidence obtained during the search of Johnson's vehicle.

### III

[¶ 13] We reverse the district court judgment and remand, concluding Trooper Wolf did not have a reasonable and articulable suspicion to justify the stop of Johnson's vehicle.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.