2007 ND 201

**Lindsay Guy BARTCH, Plaintiff and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.**

**No. 20070160.**

Supreme Court of North Dakota.

Dec. 17, 2007.

Timothy Q. Purdon, Vogel Law Firm, Bismarck, ND, for plaintiff and appellant.

Andrew Moraghan, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Lindsay Bartch appeals the district court's judgment affirming a North Dakota Department of Transportation ("Department") decision revoking Bartch's driving privileges for three years for driving under the influence of alcohol. We conclude the stop of Bartch's vehicle was permissible because he displayed an expired registration tab on his license plate in violation of N.D.C.C. § 39–04–11. We affirm.

I

[¶ 2] Deputy Kirk Hagel stopped Bartch's vehicle on December 1, 2006, for improper display of registration tabs on Bartch's license plates. The current registration tab was affixed to the upper-left corner of the license plate rather than the upper-right corner, designated as the proper area by the Department. An expired registration tab was affixed to the upper-right corner of the license plate. Subsequent to the stop, Bartch failed a horizontal gaze nystagmus test and performed a preliminary breath test resulting in a reading of 0.142 percent. Bartch was arrested for driving under the influence and received a warning for improper display of vehicle registration. He refused to submit to a blood draw.

[¶ 3] A driver's license revocation hearing was held before the Department on December 18, 2006. The primary issue was whether Bartch's registration tab violation was sufficient to provide reasonable and articulable suspicion for the traffic stop. Section 39–04–11, N.D.C.C., requires the tab be affixed to the area "designated by the department for the tab." Bartch argued this portion of N.D.C.C. § 39–04–11 is ambiguous and claimed the Legislature improperly delegated authority to the Department to create a crime. The Department rejected Bartch's argument and suspended his driving privileges for three years.

[¶ 4] Bartch appealed the decision to the district court. The district court found the Legislature properly delegated its power to the Department because the function of vehicle registration pertains to the execution of law rather than to the creation of law. It also determined N.D.C.C. § 39–04–11 is not unconstitutionally vague because vehicle owners are provided with instructions accompanying new license plates explaining proper placement of the tabs.

[¶ 5] Bartch appeals the Department's decision arguing a violation of N.D.C.C.

§ 39–04–11 does not serve as reasonable and articulable suspicion to stop a vehicle because the statute improperly delegates Legislative power to the Department and because it is unconstitutionally vague.

## II

[¶ 6] Bartch's appeal rests solely on the constitutionality of N.D.C.C. § 39–04–11. "[A]dministrative agency decisions on questions of law are fully reviewable by this Court." *Blueshield v. Job Serv. N.D.*, 392 N.W.2d 70, 73 (N.D.1986). For the reasons below, we do not reach Bartch's constitutional arguments.

[¶ 7] Law enforcement officers may legally stop a moving vehicle for investigation if the officers have reasonable and articulable suspicion the driver has violated or is violating the law. *City of Fargo v. Ovind,* 1998 ND 69, ¶ 8, 575 N.W.2d 901. Even a minor traffic violation can provide the requisite basis to stop a vehicle. *State v. Loh,* 2000 ND 188, ¶ 7, 618 N.W.2d 477. A driver violates N.D.C.C. § 39–04–11 by failing to cover or remove "all number plates, markers, or evidence of registration or licensing except for the current year" and by failing to display an "annual registration tab or sticker for the current registration year . . . in the area designated by the department for the tab or sticker, in those years for which tabs or stickers are issued in lieu of number plates." A violation of N.D.C.C. § 39–04–11 is a nonmoving violation with a penalty of "a fee of any amount not to exceed twenty dollars." N.D.C.C. §§ 39–06.1–06(1), 39–06.1–08.

[¶ 8] Bartch does not deny violation of N.D.C.C. § 39–04–11; he contends, however, the portion of the statute requiring placement of the current registration tab "in the area designated by the department" is unconstitutional and, as such, may not be used to establish the basis to conduct a traffic stop. *See Hoff v. Berg,* 1999 ND 115, ¶ 19, 595 N.W.2d 285 (quoting *State v. Clark,* 367 N.W.2d 168, 169 (N.D.1985)) ("[U]nconstitutional legislation is void and is to be treated as if it never were enacted."). Bartch attacks the constitutionality of N.D.C.C. § 39–04–11 by arguing it improperly delegates Legislative authority to the Department and it is unconstitutionally vague.

[¶ 9] We decline to consider Bartch's constitutional arguments. Under N.D.C.C. § 39–04–11, failing to remove "all number plates, markers, or evidence of registration or licensing except for the current year" is a violation. The record shows Bartch displayed an expired registration sticker on his license plates. Bartch does not deny violating this portion of the statute. Nor does he argue that it is unconstitutional. This violation alone is sufficient to establish the requisite basis for Deputy Hagel's stop. "[A] person to whom a statute may constitutionally be applied cannot challenge that statute on the grounds that it may conceivably be applied unconstitutionally to others." *State v. Unterseher,* 255 N.W.2d 882, 886 (N.D.1977). This Court historically refuses to make "unnecessary pronouncement[s] on constitutional issues" and "premature interpretations of statutes in areas where their constitutional application might be cloudy." *State v. Anderson,* 427 N.W.2d 316, 319 n. 1 (N.D.1988) (quoting *United States v. Raines,* 362 U.S. 17, 22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960)).

## III

[¶ 10] Bartch violated N.D.C.C. § 39–04–11 by displaying an expired registration sticker, providing a lawful basis to stop Bartch's vehicle. We affirm the district court's judgment affirming the Department's decision.

[¶ 11] GERALD W. VANDE WALLE, C.J., WILLIAM A. HERAUF, D.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 12] The Honorable WILLIAM A. HERAUF, D.J., sitting in place of KAPSNER, J., disqualified.