Filed 10/13/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 176

State of North Dakota, Plaintiff and Appellant

v.

Heather Renee McLaren, Defendant and Appellee

No. 20090125

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Quinn Fylling (argued), appearing under the Rule on the Limited Practice of Law by Law Students, Kimberlee J. Hegvik (appeared), and Reid A. Brady (on brief), Assistant State’s Attorneys, Courthouse, P.O. Box 2806, Fargo, ND 58108-2806, for plaintiff and appellant.

L. Patrick O’Day, Jr., (argued), 1024 Third Avenue South, P.O. Box 1727, Fargo, ND 58107-1727, for defendant and appellee.

State v. McLaren

No. 20090125

Kapsner, Justice.

[¶1] The State of North Dakota appeals from a district court order granting a motion to suppress evidence.  We hold the district court incorrectly determined the stop of defendant Heather McLaren’s vehicle violated her constitutional right against unreasonable seizure, reverse the district court order, and remand the case for further proceedings.

I.

[¶2] On October 16, 2008, a Cass County deputy sheriff stopped a vehicle driven by McLaren.  As a result of evidence discovered after the stop, the State charged McLaren with possession of marijuana.  Before her criminal trial, McLaren filed a motion to suppress all evidence found as a result of the stop.  McLaren argued the stop violated her right against unreasonable seizure under the Fourth Amendment of the U.S. Constitution and Article I, § 8 of the Constitution of North Dakota because the deputy did not have reasonable suspicion that she was or was about to be involved in criminal activity prior to making the stop.

[¶3] At a hearing on the motion, the deputy testified that while driving behind McLaren’s vehicle he noticed it displayed expired August 2000 registration tabs.  He then pulled alongside the vehicle “to make sure that the tabs were in fact August of 2000 and that I had the correct license plate number.”  Upon confirming the registration tabs were expired, the deputy decided to stop the vehicle. He testified he did not witness any other potential traffic violation to justify the stop.

[¶4] After initiating the stop, the deputy noticed McLaren’s vehicle also displayed a temporary registration certificate in the back window.  He testified the certificate appeared normal prior to approaching the vehicle.  The deputy added, however, that vehicles do not normally have both a temporary registration certificate and license plates. “Normally you are going to have one or the other.”

[¶5] After viewing a video recording of the incident taken by the dashboard camera of the deputy’s patrol vehicle, the district court found the temporary registration certificate was “clearly displayed on the back window” and observable by the deputy prior to initiating the stop.  Based upon the clear visibility of the certificate, as well as the deputy’s testimony that it appeared normal, the district court held the deputy did not have reasonable suspicion to stop the vehicle under this Court’s decision in 
State v. Johnson
, 2006 ND 248, 724 N.W.2d 129.  Because the deputy lacked reasonable suspicion, the district court held the stop violated McLaren’s constitutional right against unreasonable  seizure and granted her motion to suppress all evidence discovered as a result of the stop.

II.

[¶6] On appeal, the State argues the district court erred as a matter of law in finding the deputy did not have reasonable suspicion to stop McLaren’s vehicle.

[¶7] In reviewing a district court order granting a motion to suppress, this Court grants deference to the court’s factual findings.  
State v. Gregg
, 2000 ND 154, ¶ 19, 615 N.W.2d 515.  Whether the facts found by the district court meet a legal standard, however, is a question of law that appellate courts may fully review.  
State v. Steinmetz
, 552 N.W.2d 358, 360 (N.D. 1996).  Therefore, “the ultimate conclusion about whether the facts support a reasonable and articulable suspicion are fully reviewable on appeal.”  
State v. Smith
, 2005 ND 21, ¶ 11, 691 N.W.2d 203.

[¶8] Both the Fourth Amendment of the U.S. Constitution and Article I, § 8 of the Constitution of North Dakota guarantee “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.” This Court has stated a “seizure” occurs for constitutional purposes when a law enforcement officer restrains the liberty of a citizen “by means of physical force or show of authority.”  
City of Jamestown v. Jerome
, 2002 ND 34, ¶ 5, 639 N.W.2d 478. Automobile stops by officers constitute a seizure under this definition.  
City of Grand Forks v. Mitchell
, 2008 ND 5, ¶ 7, 743 N.W.2d 800 (citing 
Whren v. United States
, 517 U.S. 806, 809-10 (1996)).

[¶9] As automobile stops constitute seizures, officers must have “at least a reasonable suspicion that the motorist has violated the law or probable cause to believe the motorist has done so.”  
State v. Washington
, 2007 ND 138, ¶ 11, 737 N.W.2d 382.  Reasonable suspicion exists “when a reasonable person in the officer’s position would be justified by some objective manifestation to suspect potential criminal activity.”  
Johnson v. Sprynczynatyk
, 2006 ND 137, ¶ 9, 717 N.W.2d 586. “It is well settled, traffic violations, even if considered common or minor, constitute prohibited conduct which provide officers with requisite suspicion for conducting investigatory stops.”  
Zimmerman v. N.D. Dep’t of Transp.
, 543 N.W.2d 479, 482 (N.D. 1996).  “Probabilities, not hard certainties, are used in determining reasonable suspicion.”  
State v. Decoteau
, 2004 ND 139, ¶ 13, 681 N.W.2d 803 (citing 
Lapp v. N.D. Dep’t of Transp.
, 2001 ND 140, ¶ 13, 632 N.W.2d 419).  Lastly, “[a] police officer’s subjective intentions in making a stop are not important as long as a traffic violation has occurred.”  
State v. Oliver
, 2006 ND 241, ¶ 6, 724 N.W.2d 114 (citing 
Whren
, 517 U.S. at 813).

[¶10] Section 39-04-11, N.D.C.C., establishes the basic licensing regulations for vehicles registered in North Dakota.  The statute generally provides that vehicles must display two license plates and an “annual registration tab or sticker for the current registration year . . . in those years for which tabs or stickers are issued in lieu of number plates.”  N.D.C.C. § 39-04-11.  The statute also requires that vehicle owners remove “all number plates, markers, or evidence of registration or licensing except for the current year.”  N.D.C.C. § 39-04-11.  Section 39-04-11, N.D.C.C., prohibits a vehicle from visibly displaying expired registration tabs, and law enforcement officers may constitutionally stop vehicles for violating this statute.  
State v. Bartch
, 2007 ND 201, ¶ 10, 743 N.W.2d 109 (“Bartch violated N.D.C.C. § 39-04-11 by displaying an expired registration sticker, providing a lawful basis to stop Bartch’s vehicle.”).

[¶11] When a registered vehicle is transferred or assigned, N.D.C.C. § 39-04-36(1) provides the vehicle’s current registration expires and the license plates shall be removed.  To allow the new owner to drive the transferred vehicle after applying for new registration but before the receipt of new license plates, the Department of Transportation may provide a temporary registration certificate.  N.D.C.C. § 39-04-

36(3).  If a vehicle displays a certificate and license plates, law enforcement officers have reasonable suspicion the previous owner’s license plates have not been removed in violation of N.D.C.C. § 39-04-36.

[¶12] In this case, the deputy had an objectively reasonable basis to stop McLaren for violating N.D.C.C. § 39-04-11 because, like in 
Bartch
, her vehicle displayed expired registration tabs.  The deputy also had an objectively reasonable basis to stop McLaren for violating N.D.C.C. § 39-04-36 because her vehicle displayed a temporary registration certificate and license plates.  Therefore, the stop did not violate McLaren’s constitutional right against unreasonable seizure, and the district court erroneously granted her motion to suppress.

[¶13] The district court erroneously concluded that McLaren’s display of a temporary registration certificate eliminated the deputy’s reasonable suspicion under this Court’s decision in 
Johnson
, 2006 ND 248, 724 N.W.2d 129.  In 
Johnson
, we reversed a district court’s finding of reasonable suspicion where a police officer stopped a vehicle without license plates, but displaying a temporary registration certificate in the rear window.  
Id.
 at ¶ 12.  Although the officer testified the certificate appeared normal, he nevertheless stopped the vehicle “because of a belief many people drive beyond the thirty days allowed by the temporary registration.”  
Id.
 at ¶ 2.  This Court cited N.D.C.C. § 39-04-17, which provides the display of a temporary certificate is prima facie evidence of compliance with state motor vehicle registration laws, and found the stop violated Johnson’s constitutional rights because “an officer’s belief ‘many people’ violate the thirty-day temporary registration law is an over-generalization that does not give rise to reasonable suspicion.”  
Id.
 at ¶¶ 7, 10. This case is distinguishable from 
Johnson
.  The deputy stopped McLaren’s vehicle because it displayed expired registration tabs in violation of N.D.C.C. § 39-

04-11, not because of a generalized suspicion regarding vehicles with temporary registration certificates.  Because the deputy had an objectively reasonable basis to stop McLaren’s vehicle, the district court erroneously found 
Johnson
 to control the outcome in this case.

[¶14] McLaren’s reliance upon N.D.C.C. § 39-04-17 is misplaced.  While the statute provides the possession of a temporary registration certificate “is prima facie evidence of compliance with motor vehicle law,” N.D.C.C. § 39-04-17 does not insulate all vehicles displaying a certificate from reasonable suspicion sufficient to justify a stop. In 
Oliver
, 2006 ND 241, ¶ 7, 724 N.W.2d 114, we affirmed a district court order finding a law enforcement officer had reasonable suspicion to stop a vehicle based upon the observation of a temporary registration certificate that was “faded” and without visible writing.  “The faded temporary registration certificate with no visible printing was indicative of a temporary certificate that was more than thirty days old and constituted an objective fact giving the officer a right to stop Oliver to check its validity.”  
Id.
  As 
Oliver
 demonstrates, an officer may constitutionally stop a vehicle despite the vehicle’s display of a temporary registration certificate, so long as the officer can point to specific, articulable facts sufficient to create an objective basis for reasonable suspicion.

III.

[¶15] We hold the district court incorrectly determined the stop of McLaren’s vehicle violated her constitutional right against unreasonable seizure, reverse the district court order, and remand the case for further proceedings.

[¶16] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring.

[¶17] I write separately to note that the majority’s somewhat truncated statement of our standard of review at ¶ 7 does not reflect a change from the standard of review established by 
City of Fargo v. Thompson
, 520 N.W.2d 578, 581 (N.D. 1994), and set forth more fully in the majority-cited opinion, 
State v. Gregg
, 2000 ND 154, ¶¶ 19-20, 615 N.W.2d 515:

When reviewing a district court’s ruling on a motion to suppress, we defer to the district court’s findings of fact and resolve conflicts in testimony in favor of affirmance.  
City of Grand Forks v. Zejdlik
, 551 N.W.2d 772, 774 (N.D. 1996) (citing 
City of Grand Forks v. Egley
, 542 N.W.2d 104 (N.D. 1996)).  We affirm the district court’s decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.  
City of Fargo v. Thompson
, 520 N.W.2d 578, 581 (N.D. 1994).

“Although the underlying factual disputes are findings of fact, whether the findings meet a legal standard, in this instance a reasonable and articulable suspicion, is a question of law.”  
Zejdlik
, 551 N.W.2d at 774 (citations omitted).  Questions of law are fully reviewable.  
Id.
 (citing 
State v. Glaesman
, 545 N.W.2d 178 (N.D. 1996)).  The ultimate conclusion of whether the facts support a reasonable and articulable suspicion is fully reviewable on appeal.  
State v. Hawley
, 540 N.W.2d 390, 392 (N.D. 1995).

[¶18] Dale V. Sandstrom