NO. 07-08-0485-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 23, 2009
______________________________

THE STATE OF TEXAS, 

                                                                                                 Appellant

v.

JOE ELLIS PATTERSON, 

                                                                                                 Appellee
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 122447-2; HON. PAMELA SIRMON, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          The State of Texas appeals from the trial court’s order granting Joe Ellis Patterson’s
motion to suppress evidence. Patterson was indicted for possessing a controlled
substance (marijuana) in a drug free zone. The State argues that the trial court erred in
granting the motion because Patterson’s detention was based on either a reasonable belief
or probable cause to conclude that he had committed a traffic violation. We reverse the
trial court’s order.
          Background
          On July 29, 2008, police officer Mike Sanchez observed Patterson walking
westbound on Southwest Fourth Avenue on the road’s surface. There were no sidewalks
adjacent to that part of the street. Rather than walk on the left side of the surface to face
oncoming traffic, Patterson walked on the right side with the traffic to his back. Believing
this to be a violation of an Amarillo municipal ordinance, Sanchez stopped Patterson and
asked for identification. Patterson had none on his person. The officer decided to place
Patterson in his squad car while he attempted to determine his identity and subjected him
to a pat-down search before doing so. Additionally, Patterson consented to the search of
his pockets.


 The latter revealed the presence of marijuana. 
          Patterson moved to suppress discovery of the contraband by contending that his
initial detention was unlawful. That is, he believed that the officer lacked both reasonable
suspicion and probable cause to stop him as he walked on the street. This allegedly was
so because the ordinance the officer relied upon to initiate the stop was inapplicable. The
trial court agreed. 
          Standard of Review
          The standard by which we review the trial court’s ruling on a motion to suppress is
set forth in Ford v. State, 158 S.W.3d 488 (Tex. Crim. App. 2005). Although we afford
deference to the trial court’s interpretation of historical facts, we do not give the same
deference to its application or interpretation of the law. Id. at 493. 
 
          Analysis
          Sanchez testified that he stopped Patterson for violating an Amarillo municipal
ordinance prohibiting one from walking in the street with his back to traffic. The ordinance
in dispute stated that: “Where sidewalks are not provided any pedestrian walking along
and upon a highway shall when possible walk only on the left side of the roadway or its
shoulder facing approaching traffic.” Amarillo, Tex., Mun. Code ch. 16-3 , art. VII, §16-3-313(b) (2006). Additionally, the term “highway” was defined in the ordinance as: “A
highway divided into two (2) roadways by leaving an intervening space, or by a physical
barrier, or by a clearly indicated dividing section between the two (2) roadways.” Id. art.
VII, §16-3-2 (1988). Because Southwest Fourth Avenue did not have any such intervening
space, physical barrier, or clearly indicated divider, the trial court determined that the traffic
law relied on by the officer was inapplicable and, therefore, he had no legitimate basis for
stopping Patterson.


 
          In ruling as it did, the trial court implicitly rejected the State’s contention that, while
the local ordinance may not apply, a Texas statute regulating the same matter did. The
Texas statute not only made it illegal to walk atop a highway’s surface with one’s back to
traffic when no sidewalk is available, Tex. Transp. Code Ann. §§552.006(a)-(b) (Vernon
Supp. 2009), but also defined “highway” differently. Under the state code, “highway” meant
“the width between the boundary lines of a publicly maintained way any part of which is
open to the public for vehicular travel.” Id. §541.302(5) (Vernon 1999). Unlike the local
ordinance, the state definition says nothing about a need for the presence of an intervening
space, physical barrier, or clearly indicated divider. So, while it may be that Patterson did
not violate the ordinance, the officer purportedly had reasonable suspicion or probable
cause to believe that the Transportation Code provision was violated, and, therefore, he
had basis to undertake the detention. We agree with the prosecution.
           It has long been true that a traffic violation can constitute a reasonable basis for a
detention. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d
89 (1996). Indeed, reasonable suspicion that such a violation occurred permits an officer
to stop the suspect. Bynes v. State, No. 07-08-0207-CR, 2009 WL 1107987, at *2 (Tex.
App.–Amarillo April 24, 2009, no pet.) (mem. op., not designated for publication); see
Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (holding that reasonable
suspicion does not require absolute certainty that an offense was committed). And,
because the presence of reasonable suspicion is an objective standard, the subjective
intent of the police officer undertaking the stop is irrelevant. Garcia v. State, 43 S.W.3d
at 530. In other words, the subjective reasons uttered by the officer to legitimize the stop
have no bearing on the outcome if the totality of the circumstances nonetheless would lead
a police officer to reasonably suspect that crime is afoot. Id. at 530; accord, Singleton v.
State, 91 S.W.3d 342, 347 (Tex. App.–Texarkana 2002, no pet.) (noting that an objectively
valid stop can be upheld even though it was made for the wrong reason); Russ v. State,
No. 02-05-270-CR, 2006 WL 668729, at *3 n.4 (Tex. App.–Fort Worth March 16, 2006, pet.
ref’d) (mem. op., not designated for publication) (noting that the trial court need not limit
its review to the violations the officer cited in executing the stop); Arriaga v. State, No. 03-03-00097-CR, 2003 WL 22023577, at *2 (Tex. App.–Austin August 29, 2003, no pet.)
(mem. op., not designated for publication) (stating the same). 
          Here, the trial court expressly found that 1) Patterson was “walking on the right side
of the roadway facing away from approaching traffic” and 2) there were “no sidewalks, lane
markings, or curbs on [the] portion” of the street. Given that §§552.006(a)-(b) of the Texas
Transportation Code mandated that where there was no sidewalk, “a pedestrian walking
along and on a highway shall if possible walk on . . . the left side of the roadway” or on “the
shoulder . . . facing oncoming traffic” and Patterson did neither, circumstances existed
which allowed an officer to reasonably conclude that Patterson had committed a traffic
offense. It did not matter that the officer at bar initially indicated that he based the stop
upon what ultimately appeared to be an inapplicable municipal ordinance. Again, this is
so because the totality of the circumstances was enough to create both probable cause
and reasonable suspicion to believe that §552.006 of the Transportation Code had been
violated.
          To the extent Patterson suggests that Amarillo’s ordinance superceded §552.006,
he is mistaken. Our legislature declared that a “local authority may not enact or enforce
an ordinance or rule that conflicts with” subtitle C of title 7 of the Transportation Code
“unless expressly authorized by” that same subtitle. Tex. Transp. Code Ann. §542.201
(Vernon 1999). A municipality, such as the City of Amarillo, falls within the umbrella of a
“local authority.” Id. §541.002(3)(A). Furthermore, §552.006 appears under subtitle C of
title 7 of the Transportation Code. So, §542.201 controls at bar. 
          Also, Amarillo’s definition of “highway” can be read as conflicting with the definition
of the same term mentioned in §541.302(5) of the Transportation Code. That is, while the
latter prohibits walking with one’s back to traffic, the former does not so long as there is no
intervening space, physical barrier, or clearly marked divider on the roadway. This leads
us to conclude, especially since we have been cited to nothing in subtitle C of title 7 of the
Transportation Code indicating otherwise, that Amarillo’s provision must give way.



          Accordingly, the trial court erred in granting the motion to suppress. So, we reverse
that order and remand the cause for further proceedings.                                        
                                                                                      Brian Quinn 
                                                                                     Chief Justice 
Publish. 
             



o-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:12.0pt;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
.MsoPapDefault
 {mso-style-type:export-only;
 text-align:justify;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-11-0052-CV%20%20Opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-11-0052-CV%20%20Opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-11-0052-CV%20%20Opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-11-0052-CV%20%20Opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-title-page:yes;
 mso-footer:url("07-11-0052-CV%20%20Opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-11-0052-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

FEBRUARY 25, 2011

 

______________________________

 

 

IN RE CHARLES BRYANT, RELATOR

 

_______________________________

 

ORIGINAL
PROCEEDING

ARISING
OUT OF PROCEEDINGS BEFORE THE 47TH thDISTRICT COURT 646646464DISTRICT COURT OF RANDALL COUNTY;  NO. 14,621-A,
HONORABLE ABE LOPEZ, JUDGE PRESIDING

______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            By this
original proceeding, Relator, Charles Bryant, an inmate proceeding pro se and
in forma pauperis, requests that we direct the Honorable Abe Lopez[1]
to rescind or dismiss an Order to
Withdraw Inmate Funds signed on April 26, 2010.  For reasons expressed herein, we deny
Relator's request for mandamus relief.


Background

            In
2003, in cause number
14,621-A, Relator was convicted of one
count of indecency with a child by exposure and sentenced to ten years
confinement and one count of indecency with a child by contact and sentenced to
twenty years confinement.[2]  Relator was also assessed a fine of $2,000.  More than six years later, on April
26, 2010, a document entitled Order to
Withdraw Inmate Funds (Pursuant to TEX. GOVT. CODE,
Sec. 501.014(e))[3]
was signed and entered in the original criminal cause number.  By that withdrawal notification, the trial
court directed the Institutional Division of the Texas Department of Criminal
Justice to withhold the amount of $2,533 from Relator's
inmate account.  On July 6, 2010, Relator
filed his Motion to Reverse and Rescind
Order to Pay Court Cost, Fees, and/or Fines in the trial court challenging
the withdrawal notification.  When Relator
did not receive a response to his July 6 motion, he filed a notice of appeal on
September 10, 2010.  The appeal was
assigned cause number 07-10-00358-CV.

By order dated October 5, 2010, this Court concluded that no
appealable order had been entered on Relator's pending motion sufficient to
invoke this Court's jurisdiction and found the notice of appeal to be
premature. See Bryant v. State, No.
07-10-00358-CV, 2010 Tex. App.  LEXIS
(Tex.App.--Amarillo Oct. 5, 2010, no pet.).  Relying on Harrell v. State, 286 S.W.3d 315 (Tex. 2009), the appeal was abated for ninety days to allow Relator time
to (1) present his motion to the trial court; (2) schedule any necessary
hearing; and (3) obtain from the trial court an appealable order addressing
that motion.  See Tex. R. App. P. 27.2.  See also Iacono v.
Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.).

            The
deadline set by this Court's order of October 5, 2010 lapsed on January 3,
2011.  On January 18, 2011, Relator
requested information pertaining to the status of his appeal.  That request prompted the Clerk of this Court
to make an inquiry to the Randall County District Clerk, as to the developments
in trial court cause number 14,621-A since October 5, 2010. The inquiry
revealed that no action had been taken by Appellant, nor had any new orders
been entered by the trial court.

            This
Court then notified Relator by letter dated January 20, 2011, that no
appealable order had been entered and directed him to show cause on or before
February 4, 2011, why that appeal should not be dismissed for want of
jurisdiction.  Tex. R. App. P. 42.3(a)
and (b).  In response, Relator filed his Motion for Leave to File a Petition for Writ
of Mandamus[4]
together with a Petition for Writ of
Mandamus seeking to compel this Court to direct the Honorable Abe Lopez to
rescind the withdrawal notification authorizing funds to be drawn from his
inmate account. 

Mandamus Standard of Review

Mandamus relief is an extraordinary remedy.  In re Southwestern Bell Telephone Co.,
L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  In order
to be entitled to relief by mandamus, the relator
must meet two basic requirements: (1) he must show that the trial court clearly
abused its discretion, and (2) he must show that he has no adequate remedy by
appeal.  In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998) (orig.
proceeding); Walker v. Packer, 827
S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding).  "Mandamus
issues only to correct a clear abuse of discretion or the violation of a duty imposed
by law when there is no other adequate remedy by law.@  Walker, 827 S.W.2d at 839 (quoting Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding)).  As it pertains to the
failure or refusal of a trial court to hear and rule upon a pending motion, in
order to establish an abuse of discretion, a relator
must satisfy three requirements: (1) a legal duty to perform; (2) a demand for
performance; and (3) a refusal to act.  Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).  




 

Analysis

            Relator
argues due process violations in this mandamus proceeding.  By our order of October 5, 2010, this Court
gave Relator the opportunity to address his due process concerns to the trial
court as outlined in Harrell.  See Bryant, 2010 Tex. App. LEXIS 8059, at *5.  Because Relator has not requested a hearing
on his motion to rescind or review the withdrawal notification (a demand for
performance), and because there is no evidence that the trial court has refused
to act, he has failed to show that the trial court abused its discretion.  Furthermore, if and when the trial court does
rule on his pending motion, Relator still has an adequate remedy by
appeal.  Because mandamus will not lie when
the trial court has not abused its discretion or when an adequate remedy by
appeal exists, Relator has failed to demonstrate entitlement to mandamus relief.  

Moreover, of the $2,533 authorized
by the contested withdrawal notification, $2,000 is for the fine imposed by the
Court and the remaining $533 is for costs and fees.[5]  Although an appellant may not be ordered to
reimburse court-appointed attorney's fees without evidence of an ability to
pay, Mayer v. State, 309 S.W.3d 552
(Tex.Crim.App. 2010), fines and legislatively mandated fees and costs[6]
may be withdrawn from an inmate's account without regard to his ability to pay.  Armstrong
v. State, 320 S.W.3d 479, 482-83 (Tex.App.--Amarillo 2010, pet. granted) (Pirtle,
J., concurring).  Here, Relator has not
attacked the statutory basis of any cost or fee assessed. 

Consequently, Relator's Petition for Writ of Mandamus is denied.     

 

                                                                                      Per Curiam











[1]Retired
Judge, sitting by assignment.   See Tex.
Gov't Code Ann. § 75.002(a)(3) (West 2005).  Because Judge Lopez was sitting by assignment
when the questioned withdrawal notification was signed, and because Relator
complains about the trial court's failure to rule upon his pending Motion to Reverse and Rescind Order to Pay
Court Cost, Fees, and/or Fines, his Petition
for Mandamus should have been directed to the Honorable Dan Schaap, the
presiding judge of the 47th District Court, Randall County,
Texas.   





[2]Tex. Penal Code Ann. § 21.11(a) (West Supp. 2010).

 





[3]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. §
501.014(e) (West Supp. 2010), describes the process as a "notification by
a court" directing prison officials to withdraw sums from an inmate's
trust account, in accordance with a schedule of priorities set by the statute,
for the payment of "any amount the inmate is ordered to pay by order of
the court."  See id. at § 501.014(e)(1)-(6). 
See also Harrell v. State, 286
S.W.3d 315, 316 n.1 (Tex. 2009).  This document is more akin to a judgment
nisi.  A judgment nisi, commonly used in
bond forfeiture proceedings, is a provisional judgment entered when an accused
fails to appear for trial.  A judgment
nisi triggers the issuance of a capias
and it serves as notice of the institution of a bond forfeiture proceeding.  It is not final or absolute, but may become
final.  See Safety Nat'l Cas.
Corp. v. State, 273 S.W.3d
157, 163 (Tex.Crim.App. 2008).  Nisi means "unless," so a judgment
nisi is valid unless a party takes action causing it to be withdrawn.  Id.  Similarly, a withdrawal notification
issued pursuant to §
501.014(e), triggers a trust fund withdrawal, serves as notice of the
collection proceeding, and continues to operate unless the inmate takes action
causing the notification to be withdrawn. 
Therefore, rather than refer to that document as an order, we prefer to
use the term "withdrawal notification" to avoid confusion with the
underlying court order or judgment ordering the payment of a sum falling within
at least one of the six priority categories listed in the statute.

 





[4]A
motion for leave is not required to file a Petition for Writ of Mandamus.  That motion is, however, rendered moot by
this opinion.





[5]Relator was not ordered to reimburse any fees for
court-appointed counsel.

 





[6]See, e.g., Tex. Alco.
Bev. Code Ann. §
106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2010);
Tex. Bus. Org. Code Ann. § 10.365 (West Supp. 2010); Tex. Code Crim.
Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037, 42.12, 42.22,
45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072,
103.0031 (West 2006 & Supp. 2010); Tex. Edu. Code
Ann. §37.011 (West
Supp. 2010); Tex. Fam. Code Ann. §§
8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462,
54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503,
160.762, 232.013 (West 2006, 2008 & Supp. 2010); Tex. Gov't Code Ann. §§ 25.0593, 25.0594,
25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601,  51.702 - 51,703, 54.313, 54.403,54.745,
54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033,
411.081 (West 2005 & Supp. 2010); Tex. Health & Safety Code Ann. §§ 161.255, 469.004,
821.023 (West  2010); Tex. Hum. Res. Code Ann. §
152.0522 (West 2001); Tex. Local Gov't Code Ann. §§
118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp.
2010); Tex. Parks and Wildlife Code Ann. §§
12.110, 12.308 (West Supp. 2010); Tex. Transp. Code Ann. §§ 284.2031, 521.026,
521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007
& Supp. 2010) (not intended as an exhaustive list).